Michner v. Ford.

---

## A. D. MICHNER *et ux.* V. JAMES P. FORD.

No. 15,657.　(98 Pac. 273.)

### SYLLABUS BY THE COURT.

1. TAX SALE—*Redemption Notice—Time in which to Redeem.* Where a delinquent tax sale was held on September 4, 1900, and the final redemption notice stated that lands sold at that sale must be redeemed on or before September 4, 1903, or they would be deeded to the purchasers, such notice gave full three years after the sale for redemption, and was not void.

2. —— *Amount Necessary to Redeem—Consideration Stated in Tax Deed.* Where a tax deed recites the amount which the grantee in the deed paid for the certificate, giving the date, and also states the amount of subsequent taxes paid, without giving the date of payment, and the final redemption notice gives as the amount necessary to redeem a sum claimed to be in excess of the proper amount, the deed will not be deemed invalid for that reason if the amount of these payments, with interest computed on each sum from the earliest date at which it could have been legally paid, equals or exceeds the sum stated in such notice.

3. PRACTICE, DISTRICT COURT—*Reopening Case—Additional Evidence.* Where the district court, after the trial of a case without a jury, takes it under advisement, and one of the parties on the next day, when court is in session, makes appli-

cation to introduce further testimony, which is refused for the reason that the evidence should have been presented at the proper time, this court can not say that such action of the court is an abuse of discretion and therefore erroneous.

Error from Hamilton district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed November 7, 1908. Affirmed.

*U. T. Tapscott, W. R. Hopkins,* and *R. J. Hopkins,* for plaintiffs in error.

*George Getty,* and *W. H. Brown,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced in the district court of Hamilton county, to recover possession of the real estate in controversy. The plaintiff was James P. Ford, whose right to the land depended upon a conveyance from the holder of a tax deed. The defendants were in possession of the land, claiming title from the patentee. It is conceded that they are the owners unless cut out by the plaintiff's tax deed.

On the trial the plaintiff introduced his tax deed and the conveyance to himself by the tax-deed holder, and rested. The defendants introduced conveyances showing a chain of title from the government to themselves, and then, to overthrow the tax deed, offered the delinquent tax notice, which reads:

"Notice is hereby given that on Tuesday, the 4th day of September, A. D. 1900, and next succeeding days, I will sell at public auction at my office in Syracuse, Hamilton county, Kansas, as much of the following-described tracts of land and town lots as may be necessary to pay the taxes and charges thereon due for the year 1899. Dated at Syracuse, Hamilton county, Kansas, July 10, 1900."

Then follows a list of lands, among which is the tract in controversy. They also offered the redemption notice, which reads:

*"Treasurer's Office, Hamilton County, Kansas, Feb-*

*ruary 28, 1903:* The taxpayers of Hamilton county, Kansas, will please take notice that the following list of unredeemed lands and town lots will be conveyed to the holders of tax-sale certificates for the same unless such lands and town lots are redeemed on or before September 4, 1903.  W. P. Humphrey, Treasurer Hamilton County, Kansas."

Then follows a list of lands and town lots and the amounts required for redemption, and the following entry: "Augusta E. Taylor, N. hf. of S. E. qr. 30-23-40, amt. $22.39."

The only purpose for introducing these notices was to show that full three years did not intervene between the tax sale and the last day for redemption.  It is contended that the last day for redemption in the final notice should have been September 5, as the owner would have all the day of September 4 in which to redeem, the three years not expiring until the close of that day.  We think that the language "on or before September 4" is sufficient and would give all of the 4th of September in which to make redemption, and therefore full three years are given by these notices.  (*Ireland v. George,* 41 Kan. 751, 21 Pac. 776.)

It is further contended that the amount stated in the final redemption notice as the amount necessary to redeem ($22.39) is too large, and that this error makes the deed void.  No basis is furnished upon which to test the accuracy of this claim.  The time when the payment of the subsequent taxes was made is not given, and therefore the computation of interest can not be made with satisfactory accuracy; but the deed is *prima facie* evidence that it is regular and valid.  If the interest be computed upon the certificate from the date it was issued, and upon each payment of subsequent taxes from the earliest date at which payment could have been made to the last day of redemption, the amount will exceed that stated in the notice.  We conclude, therefore, in the absence of anything to the contrary, that the amount given is correct and that the deed is valid.

After these notices were placed in evidence the defendants rested. The case was submitted to the court and taken under advisement for the purpose of preparing findings of fact and conclusions of law. Afterward, on the next day, before the final decision of the court and while it was still in session, the defendants requested the court to hear further evidence from them, which it declined to do. No showing whatever was made for this request, and the court based its refusal solely upon the ground that the evidence should have been presented at the proper time. This action of the court is claimed to be erroneous. We are unable to concur in this conclusion. The particular circumstances surrounding the case do not appear. Courts must be left free to control the conduct of the business before them, and the charge of abuse of discretion can not be sustained unless clearly shown. We can not say that it is improper for a trial court to require trials to be finished when the parties rest and submit the case.

We are unable to find error in the record, and the judgment of the district court is affirmed.