FIEDLER *et al.* v. BOTTS *et al.*

No. 6182.   Opinion Filed January 9, 1915.

(148 Pac. 154.)

**APPEAL AND ERROR—Harmless Error—Excluding Evidence—Injunction—Petition.** In a suit in equity, where the facts set out in the petition are not sufficient to entitle the plaintiff to equitable relief, a judgment denying a permanent injunction and against the plaintiff for costs should be affirmed upon appeal, although the trial court may have committed error in excluding testimony.

(Syllabus by Galbraith, C.)

*Error from Superior Court, Oklahoma County;*

*Edward Dewes Oldfield, Judge.*

Action by John Fiedler and others against Wm. G. Botts and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Reardon & Hereford,* for plaintiffs in error.

*Chas. H. Garnett,* for defendants in error.

GALBRAITH, C.   The plaintiffs in error, as plaintiffs, commenced this suit in the trial court on April 4, 1913, against the defendants in error, as defendants.   It was alleged in the petition that the plaintiffs were the owners and were occupying a tract of land embracing an area of 20 acres, less some 3 or 4 acres that had been conveyed to others; that this land had been sold for taxes for the year 1907; that a certificate issued to the purchaser at such tax sale in November, 1908; that the defendant Botts was the holder by assignment of that certificate; and that he had paid the taxes on said land for the years 1909, 1910, and 1911, setting out the amount of each payment, and attaching a copy of the certificate of purchase to the petition.   It was alleged that the land had been fraudulently assessed for taxes for the year 1907, and that such tax was void, and the sale of the land for taxes was void, and that the certificate of purchase issued for the same was void, for the reason that the treasurer of the county at said sale "sold said land as a whole and in one body, and did not offer said land at said tax sale to the person or persons who offered to pay the amount due for the taxes on the said land for the year 1907 for the smallest portion of the same." There was no tender or offer in the original petition to pay the amount of taxes due, but on September 15, 1913, by permission of the court, the same was amended as follows:

"That in case of any claims or demands of said defendant Wm. G. Botts for or on account of taxes paid upon said premises above referred to, or tax certificates or demands held by him against the real estate above described, be declared void, that the plaintiff be permitted to discharge the same with reasonable interest."

It was also alleged in the petition that the holder of the certificate of purchase had served notice upon plaintiffs that he would apply to the county treasurer on the 15th day of April, 1913, for a tax deed under said certificate of purchase, and that, unless restrained from so doing by order of the court, the treasurer would execute a deed in pursuance to said notice.   The

prayer was for a restraining order against the county treasurer prohibiting him from issuing and delivering the tax deed in pursuance to said notice, and that a day be set for hearing an application for a temporary injunction, and that at said hearing a perpetual injunction be granted enjoining the plaintiffs from issuing the tax deed on such certificate of purchase. The treasurer answered denying the allegations of the petition. The defendant Botts answered by a general denial, and also specially denied that the taxes for the year 1907, for which the land had been sold, were illegally and fraudulently assessed, and also denied that the taxes for 1909, 1910, and 1911 were illegally assessed, averring that he had paid the taxes as the holder of said certificate of purchase in the manner provided by law, and specially denied that the assessments for the years for which he paid the taxes were exorbitant or fraudulent in any respect, and denied that the tax certificate which he held was void, and further alleged:

"That he avers that the plaintiffs have no right to maintain the said action for the reason that they have a complete and adequate remedy at law, and for the further reason that they had failed to pay or tender or offer to pay the true and just amount of the taxes due on said property for the years covered by the said tax certificate of sale, and have failed to have true and just amount of said tax, if the amounts shown by the said tax sale certificate are not true and just, ascertained and paid, and have not offered to do so."

The prayer was that the injunction be denied, and that he have judgment for costs. Upon the issues made by the pleadings the cause was tried to the court. The plaintiffs called as a witness the person who had issued the certificate of sale as county treasurer. After showing that he was treasurer at the time of the tax sale in dispute, the following question was asked:

"Q. Now, Mr. Cafferty, during the year 1908 which was the first tax sale you had, or 1909, when you sold property for taxes, how did you offer it for sale?"

This question was objected to as—"incompetent, irrelevant,

and immaterial, and for the further reason that it calls for a conclusion, and for the practice or custom of the witness, and not for the sale of the specific property involved in this case."

The objection was sustained. A further objection was then made to the competency of the witness. The tax certificate was then introduced in evidence by the defendants, which was admitted to be in the form required by the statute. The objection to the comptency of the witness was then renewed on the ground that, the witness having issued the certificate, and the same being an official act, he could not be heard to contradict it or to vary its terms in any respect. This objection was sustained. The counsel for the plaintiffs then offered to prove by the witness that the property was sold on November 6, 1908, and that when it was offered for sale it was not offered to the bidder who would pay the amount due on any parcel of the land or the smallest portion of the same. This offer was objected to on the same ground and sustained. The plaintiff then offered to prove by the witness that it was the general and uniform course in his office as county treasurer in selling real estate for delinquent taxes to offer the whole tract for sale for the amount of taxes due, instead of the smallest portion of the same. This offer was objected to on the same grounds and sustained. The plaintiff then offered to show by the witness that, while he had no independent recollection of selling the property in dispute, it was his custom and uniform course of business in selling real estate for delinquent taxes to offer the entire property as a whole; that he never did offer the land to the person who would pay the amount due on any portion of it. This was objected to on the same ground and sustained. The plaintiffs excepted to each of these rulings. Whereupon the plaintiffs rested, and the defendants also rested, and the court announced judgment dissolving the temporary injunction, and against the plaintiffs for costs. The journal entry of judgment orders a dissolution of the restraining order, and denies a perpetual injunction, and directs judgment against the plaintiffs for costs. Plaintiffs have perfected an appeal to this court, and have

argued one assignment of error, namely, that the court erred in sustaining objections to the question propounded to the treasurer issuing the certificate of sale, and also in sustaining the objection to the competency of the witness, as well as to the offers of proof by the same witness.

It does not seem necessary to pass upon this assignment of error, or the objections argued. As we view the case, after carefully reading the petition, we are inclined to hold: that these errors of the court, if any, were not prejudicial, for the reason that the petition does not state facts sufficient to show the plaintiffs entitled to any equitable relief. This is a suit in equity, and is an appeal to the conscience of the chancellor for relief. One of the fundamental principles governing the chancellor in administering justice is, "That he who does iniquity cannot have equity." These plaintiffs, without offering to pay the amount of legal taxes assessed against their property, as required by statute to do before commencing suit (section 6041, Wilson's Stat. 1903; *Gray v. Stiles*, 6 Okla. 455, 49 Pac. 1083), or without attempting to pursue the statutory remedy giving them the right to redeem their property from sale for taxes by the payment of the amount of the taxes due, and interest, to the county treasurer at any time before the deed has issued (section 6041, Wilson's Stat. 1903), seek to enjoin the treasurer from issuing a deed in pursuance to the certificate of purchase, which the statute prescribes he shall do, upon demand of the holder of the certificate at any time after two years from the date of the sale (section 6036, Wilson's Stat. 1903). The plaintiffs in error seem to be obsessed with the idea that they can defeat their taxes by charging and showing some irregularity in the proceedings of the officer who conducted the tax sale. This idea seems to be assumed as self-evident. This is a mistake. This assumption and their conduct, as appears by the allegations of the petition, clearly shows iniquity on their part, on account of which a court of conscience should deny them relief.

. Again, they have not shown the diligence demanded of suitors in a court of conscience. They stood by for four or five years after the property had been sold and permitted the purchaser to pay the annual taxes due thereon for 1909, 1910, and 1911. What was said by Judge Sanborn in announcing the opinion of the Circuit Court of Appeals of the Eighth Circuit in *Michigan Pipe Line Co. v. Freemont Ditch, Pipe Line & Reservoir Co. et al.,* 111 Fed. 284, at page 287, 49 C. C. A. 324, at page 327, is apt in this connection:

"A suit in equity is an appeal for relief to the moral sense of the chancellor. A court of equity is the forum of conscience. Nothing but good faith, the obligations of duty, and reasonable diligence will move it to action. Its decree is the exercise of discretion; not of an arbitrary and fickle will, but of a wise judicial discretion, controlled and guided by the established rules and principles of equity jurisprudence. One of the most salutary of these principles is expressed by the maxims, 'He who comes into a court of equity must come with clean hands,' and 'He who has done iniquity cannot have equity.' A court of equity will leave to his remedy at law—will refuse to interfere to grant relief to—one who, in the matter or transaction concerning which he seeks its aid, has been wanting in good faith, honesty, or righteous dealing. While in a proper case it acts upon the conscience of a defendant to compel him to do that which is just and right, it repels from its precincts remediless the complainant who has been guilty of bad faith, fraud, or any unconscionable act in the transaction which forms the basis of his suit. 1 Pom. Eq. Jur. 397, 398, 400; *Medicine Co. v. Wood,* 108 U. S. 218, 227, 2 Sup. Ct. 436, 27 L. Ed. 706; *Marble Co. v. Ripley,* 10 Wall. 339, 357, 19 L. Ed. 955."

Applying these principles to the instant case, we are convinced that the facts set out in the petition were not sufficient to entitle the plaintiff to any equitable relief, and, if the court had admitted the testimony which was excluded, still the result of the suit would not have been different, and the judgment should not, in any event, have been for the plaintiffs.

The ·delay ˙in taking active steps to redress their alleged wrong, the failure to offer to pay the amount of legal taxes due, the evident purpose to escape the payment of all taxes on their property for four years, and their willingness to defeat the claim of one ˙˙who had, in good faith, paid these taxes against their property, taken together, affords abundant reason why the door of a court of equity should have been closed against them.

We therefore recommend that the exception be overruled, and the judgment appealed from be affirmed.

By. the. Court:   It is so ordered.

Opinion On Rehearing.

DEVEREUX, C. A rehearing is asked in this· case on the grounds that the decision herein is in conflict with an express statute and controlling decision to which the attention of the court was not called, and which. were overlooked by the court in rendering its decision, and also because, if a tender was necessary to ·be pleaded in this case, it was sufficiently pleaded in the petition.

The statute relied on is section 6041, Wilson's Stat., as amended by Laws 1909, p. 616, which provides:

"Whenever any action or proceeding shall· be commenced and maintained before any court or judge to prevent or restrain the collection of any tax or any part thereof or to recover any such tax previously paid, or to recover the possession or title of any property, real or personal, sold for taxes. * * * or to restrain prevent, recover or delay any payment of taxes, the true and just amount of taxes due upon such property ·or ·by such ·person if in dispute, must be ascertained and paid before the judgment prayed for, and if not in dispute ·must be paid in accordance with the provisions of this act."

This statute is not in conflict with the ·decision herein, because, while it provides ·specific instances in which the taxes must be paid, it does not attempt to say that in any other proceeding to

restrain the issuance of a tax deed that a tender must not be made. The underlying error of the petition for rehearing is in assuming that the tax sale was void because the treasurer sold the entire tract, and it was not offered to the bidder who would pay the amount due on the smallest portion of the same. This does not render the tax sale void, but, at most, it would only be voidable, although we do not at this time decide that this would be a defense in an action of ejectment on a tax deed issued under such a sale. It is not claimed here that the land was not taxable, nor is it claimed that there was any irregularity in its assessment; the only claim being that the treasurer sold the entire tract, instead of offering it to the bidder who would purchase the smallest part of the tract for the taxes.

In *O'Keefe v. Dillenbeck*, 15 Okla. 437, 83 Pac. 540, the tax deed was attacked on the ground that the board of equalization did not meet on the proper day, but at some other time than that provided by law. The court say:

"While if it met on some other day than the particular day appointed by statute, it does not necessarily follow that its meeting would be illegal and void, but would only at best be irregular, and section 5667, above referred to, contains the express provision that to defeat the deed it must be clearly pleaded, as well as proven, that there was an entire failure to do some one of the acts required by statute. And to hold that the irregular doing of one of the requirements would defeat the deed would be to entirely ignore the statute."

The reasoning of this case is in point. If an irregular doing of one of the requirements of the statute will not defeat the deed, it will not create an equity to enjoin the issuing of the deed. We think this is manifest.

The petitioner also relies on the case of *Keller v. Hawk,* 19 Okla. 407, 91 Pac. 778, as opposing the decision herein. This case, however, is not an authority for the plaintiffs in error. In the first place the court held that selling a number of town lots together rendered the sale void. It was therefore not a voidable

sale as in the case at bar, and we fully recognize the authority of that case that when a tax sale is void, as distinguished from voidable, no tender is necessary. Another clear distinction between *Keller v. Hawk,* and the case at bar is that that was an action in ejectment, and not a proceeding in equity. The maxim, "That he who comes into equity must come with clean hands," does not apply to actions at law, or to cases in which the party asserting the right is not asking the aid of a court of equity. This is well illustrated in the common case of a foreclosure of a mortgage barred by the statutes of limitations. If the mortgagee attempts to foreclose, the mortgagor can plead the statutes of limitation, and is not required as a condition precedent thereto to make a tender of the amount due on the mortgage, because he is asking no equitable relief himself, but, should the mortgagor come into a court of equity to remove a cloud from his title, the cloud being a mortgage barred by the statutes of limitations, he must do equity by tendering the amount of the mortgage with interest. The case of *Keller v. Hawk* is in no way applicable.

The next contention in the petition for rehearing is that the plaintiff has pleaded a tender; the alleged plea of tender being in these words:

"That in case of any claim or demands of said defendant Wm. G. Botts for or on account of taxes paid upon said premises above referred to, or tax certificates or demands held by him against the real estate above described, be declared valid, that the plaintiff be permitted to discharge the same with reasonable interest."

This is not a proper plea of tender. It is conditional, and in any event a tender of what the defendant was not entitled to, as it does not tender the amount of taxes, interest, penalties, and costs, but conditionally offers to pay the taxes with reasonable interest if they are held to be valid. In *Puls v. Casey,* 18 Okla. 142, 92 Pac. 388, it is said:

"Ordinarily, where a tender is pleaded and is a condition precedent to a right of recovery, an actual tender and offer to pay

the sum due unconditionally is required."

In *Odium v. Railroad Co.*, 94 Ala. 488, 10 South. 222, it is held that a tender accompanied with condition which the party has no right to impose is of no avail. We therefore hold that the plea was bad.

We recommend that the petition for rehearing be refused.

By the Court: It is so ordered.