## HARTSOG v. TUCKER.

No. 13730—Opinion Filed March 17, 1925.

(Syllabus.)

Taxation—Delinquent Taxes—Issuance of Tax Sale Certificates to Individual not Affecting County's Lien as Holder of Certificate for Previous Years.

Neither the issuance of a tax sale certificate nor the payment of taxes delinquent for 1916 and 1917, and for which tax sale certificate had issued to an individual, extinguishes the lien held by the county by reason of a tax sale certificate or certificates held by the county as purchaser at a sale for previous delinquent taxes on the same property.

Error from District Court, Noble County; J. W. Bird, Judge.

Action by A. W. Tucker against Clara F. Hartsog. Judgment for plaintiff, and defendant brings error. Affirmed.

Johnston & Paddock, for plaintiff in error.

Cress & Tebbe, for defendant in error.

BRANSON, V. C. J. The defendant in error, as plaintiff, secured a judgment against the plaintiff in error, as defendant, on a petition seeking to quiet his title based on a tax deed. The property involved was lot six (6), block eight (8), according to the official plat of the city of Perry (also lot 7, not involved, however, in the appeal).

No question is raised in this appeal as to the sufficiency of the recitals in the deeds through which the plaintiff, Tucker, asserted his title, either as to the one to the county treasurer or the one from him to Tucker, approved by the board of county commissioners.

The said lot six (6), with other property, was offered for sale on the 6th day of March, 1919, at what is called in the statute a tax "resale," at which resale, in the absence of other bidders, the same was sold to Noble county. Later the lot was sold by said county, in pursuance of the statute, by the county treasurer of said county, approved by the board of county commissioners of said county, to plaintiff. The said resale was due to the fact that, the taxes for 1908 being delinquent, the county treasurer of said county, on the first Monday in November, 1909, sold the same as provided by law, and in the absence of other bidders offering to pay the amount of taxes and penalties due, the same was bid off by the county treasurer for the said county. The 1910 taxes became delinquent, and in November, 1911, said lot was offered for sale, and in the absence of any other bidders offering to pay the taxes, interest, and penalty, the same was bid off by the county treasurer for Noble county. The same was done for each of the succeeding years up to and including the 1915 taxes.

On making each of said sales, certificate was duly issued to the county. Unquestionably, under the statute, the repeated advertisement and offering of said property for sale was unnecessary and irregular, as the statute requires that subsequent delinquent taxes shall be indorsed on the certificate issued to the county on the first sale certificate, but the effect of such repeated procedure is not the issue in this case. Certainly at least one of such sales was within the authority of the law. This further statement of facts will make clear what is here argued by the defendant.

The taxes for the year 1916 became delinquent, and on the first Monday in November, 1917, the said lot was offered for sale, and the same was purchased by a bidder, who paid the taxes, interest, and penalties for the said year 1916, and tax sale certificate was duly issued to the individual purchaser. The 1917 taxes became delinquent, were paid by the holder of the certificate issued at the 1917 sale, and indorsed thereon. Subsequently the defendant, Clara Hartsog, as record owner, paid the taxes, interest, penalties, and cost for the years 1916 and 1917, and by so doing redeemed the property, and the tax sale certificate issued in 1917, for the delinquent taxes for

the year 1916, with the taxes for 1917 indorsed thereon, was canceled.

The said defendant did not, however, pay the taxes for the several years preceding 1916, for which sale was made to the county, as set out above. The certificate having been held for more than two years, the said lot was offered for sale at the said tax "resale" in March, 1919, resulting in the deed to Noble county, and from said county, through its treasurer and board of county commissioners, to the plaintiff. Defendant bases her defense against plaintiff's prayer for relief on the contention that, as a matter of law, when the county treasurer sold said property in November, 1917, for the delinquent taxes for 1916, and a certificate was issued to an individual, that, by so doing, the lien of the county, by virtue of the sales of the previous years, was extinguished, and there existed nothing in favor of the county in the form of a lien or otherwise, out of which could grow any valid conveyance by reason of the "resale" made in March, 1919.

We cannot agree with this contention. While the statute refers to the sales made the first Monday in November of each year for taxes delinquent for the preceding year as the sale of the property for the taxes, it is in reality no such thing, but is only a sale of the lien on the property created by the levy of the tax, and the purchaser, whether it be an individual or the county, only acquires the lien by purchase. By operation of law, when the defendant redeemed the property from the lien of the 1916 and 1917 taxes, for which a certificate had issued, whether properly or not, it merely extinguished the lien. The lien of the purchaser at such sale was a mere equity, or it might be called an inchoate title, which after the lapse of two years, the giving of the necessary notices, etc., might have ripened into a legal title, in which event liens for previous years might have been stricken down (this question, however, is not here). By the record owner paying the taxes for subsequent years, the lien existing and held by the county by reason of the valid tax sale certificate theretofore issued was in no wise extinguished, and there is nothing in the statute which in the instant case would prevent the county offering said property at tax resale, based on the delinquencies and the unredeemed and unsatisfied certificates held by the county.

There is nothing in the authorities cited contrary to this view.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.