## AKARD v. MILLER.

No. 22997.   Nov. 27, 1934.

Freeling & Box, for plaintiff in error.

F. L. Welch, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court.

The ad valorem taxes on the land in controversy were delinquent for the years 1919 to 1928, inclusive. Each year the treasurer would offer the land for sale for the delinquent taxes for the previous year, and each year, there being no bidder, the county would become the purchaser.

On November 18, 1929, W. S. Barrow bought a tax certificate for the delinquent taxes for the year 1924, and paid the taxes for 1927 and 1928, and had the same indorsed upon his certificate. Upon this certificate the treasurer issued to Barrow a deed on the 8th day of February, 1930. When Barrow bought his certificate the taxes for the years 1919 to 1923, inclusive, and the years 1925 to 1928, inclusive, were delinquent. For all the years, unless it was for 1927 and 1928, the land had been offered for sale and the same purchased by the county. In 1927 the land was offered for sale at annual sale for delinquent taxes for 1926, and there being no bidder, same was purchased by the county, and thereafter the same was offered for resale in 1930 for the 1926 taxes. At this sale there was no bidder so the county became the purchaser of the land at resale. The county being the owner of the land purchased at resale approved a bid made by W. D. Miller and ordered a deed issued, and the same was issued August 4, 1930.

With the status of the title and taxes as above indicated, the defendant Akard purchased the timber on the land from Barrow and proceeded to cut, or threatened to cut and remove the same therefrom. W. D. Miller, the plaintiff, filed suit on September 10, 1930, to enjoin the defendant, Akard, from cutting and removing said timber, basing his right to an injunction on the deed executed by the chairman of the board of county commissioners by direction of said board, which deed is dated August 4, 1930. Both the resale deed to the county and the deed ordered by the county commissioners were in evidence, but the resale deed to the county is not shown in the case-made.

The defendant, Akard, claims the right to cut and remove the timber by reason of a contract with W. S. Barrow dated April 3, 1930, Barrow claiming to be the owner of the land by virtue of a tax deed issued in pursuance of the tax certificate as above stated.

The defendant filed a motion to make plaintiff's petition more definite and certain. The defendant filed an answer and demurrer in one instrument. Plaintiff filed a demurrer to the defendant's answer. Plaintiff filed a demurrer and reply in one instrument. The case went to trial without any of the motions and demurrers being presented to the trial court so far as the record in this case is concerned. The injunction was granted and final judgment entered. The defendant filed a motion for a new trial, which was in due course overruled and exceptions taken. The defendant appealed to this court, and alleged error as follows:

"1. Said court erred in overruling the motion of the plaintiff in error for a new trial.

"2. Said court erred in refusing to sustain the demurrer of this plaintiff in error to the petition filed by the defendant in error herein.

"3. Said court erred in admitting evidence upon the part of the defendant in error.

"4. Said court erred in refusing and ruling out competent and legal evidence on the part of the plaintiff in error.

"5. Said court erred in refusing to sustain the motion of this plaintiff in error to require the defendant in error to make his petition more definite and certain.

"6. Said court erred in refusing to sustain the motion of this plaintiff in error to strike certain portions of the defendant in error's demurrer and reply."

As to assignments 2, 5, and 6, which pertain to the refusal of the court to sustain the demurrers and motions, same will not be considered by this court since they were not presented to the trial court and no ruling made thereon.

As to assignments 3 and 4, pertaining to the admissibility of evidence, no particular error is pointed out, and if there is error, same is not substantial and is considered waived by the defendant.

Defendant in his brief raises the question that an injunction was not the proper remedy. However, we think there is ample authority to justify injunctive relief, since

plaintiff shows that he had no adequate remedy at law.

The first assignment of error will be considered, since it raises the question of validity of the tax deeds in controversy. In fact, both plaintiff and defendant practically concede that the only question to be determined in this case is as follows:

Did the issuance of a tax certificate to Barrow in 1929 for the delinquent taxes for 1924 and the payment by Barrow of the taxes for 1927 and 1928 cancel the tax lien against the land held by the county for the delinquent taxes for the years 1919 to 1923, inclusive, and the years 1925 and 1926?

Section 12752, O. S. 1931, reads as follows:

"If any person is desirous of purchasing the interest of the county in said real estate acquired by reason of the county treasurer having bid the same off for the county, he may do so by paying to said county treasurer the amount of all of the taxes, penalties, interest, and costs of sale, and transfer up to date of said purchase, and thereupon the said treasurer shall assign and deliver to said purchaser a certificate of purchase to said real estate, which assignment and transfer shall convey to the purchaser all the right and interest of said county to said real estate as fully as if he had been the original purchaser at said tax sale."

This statute is mandatory. The purchaser must pay all the taxes, and unless this is done the treasurer cannot deliver to the purchaser a valid certificate. It is incumbent upon the purchaser to see that all the taxes are paid, otherwise, he takes it subject to other liens for taxes.

Section 12723, O. S. 1931, among other things, provides:

"Taxes upon real property are hereby made a perpetual lien."

Certainly parties dealing with real estate and titles thereto are charged with notice of the tax liens created by law.

The lien of the county for the delinquent taxes which it had purchased for the years 1919 to 1923, inclusive, and the years 1925 and 1926, were not extinguished by the issuance of certificate and the execution of a deed thereon to Barrow for the taxes for the year 1924.

In the case of Hartsog v. Tucker, 108 Okla. 143, 234 P. 726, we find a similar question as here presented:

"Defendant bases her defense against plaintiff's prayer for relief on the conten-

tion that, as a matter of law, when the county treasurer sold said property in November, 1917, for the delinquent taxes for 1916, and a certificate was issued to an individual, that, by so doing, the lien of the county, by virtue of the sales of the previous years, was extinguished, and there existed nothing in favor of the county in the form of a lien or otherwise, out of which could grow any valid conveyance by reason of the 'resale' made in March, 1919. We cannot agree with this contention."

So we conclude that the deed issued to Barrow for the delinquent taxes for 1924 did not extinguish the lien of the county for the taxes for 1926, for which the county held a resale deed.

The defendant in his brief suggests that the deed under and by which the plaintiff, Miller, claims, is void upon its face, and that the proceedings concerning the sale made in 1927 for the 1926 taxes, upon which the resale deed is based, are void because no proper proof was ever made showing that the sale was valid and that due and proper advertisement had been given in the manner required by law.

The resale deed under which plaintiff claims was introduced in evidence, but is not in the case-made for our inspection. The deed from the county commissioners to the plaintiff, Miller, contains the following recitation:

"Know All Men by These Presents, That:

"Whereas, Pushmataha county, state of Oklahoma, on the 15th day of May, 1930, acquired title to the hereinafter described tract, parcel or lot of land at a resale thereof for the nonpayment of delinquent taxes, penalties, interests, and costs for the year 1926. Said sale was held at the office of the county treasurer at the courthouse in said county and state, where by law the taxes are made payable, beginning on the third Monday of April of the year 1930, between the hours of 9 o'clock a. m., and 4 o'clock p. m., and continuing thereafter from day to day between the same hours until completed, and that the said 15 day of May, 1930, is one of the days of said sale, and,

"Whereas, the grantee herein, on the 24 day of July, 1930, made to the county treasurer of said county an offer to purchase from the county the tract, parcel or lot of land hereinafter described, and,

"Whereas, the county treasurer caused notice of said offer to be given by publication in the Antlers American, an official county paper, published at Antlers, Okla., describing the land according to its legal subdivision, the price offered therefor, to whom it was proposed to be sold, and the date on which application would be made to the

board of county commissioners of said county to approve said sale; and

"Whereas, the board of county commissioners at the courthouse in Pushmataha county, Oklahoma, on the 4 day of Aug. 1930, the same being the date stated in the foregoing notice, did examine the proceedings had herein, and, after due consideration, approve the sale of said tract, parcel or lot of land for the consideration and to the party named in said notice of sale, and by order duly made and entered on its records, directed its chairman to execute a deed for the same to the grantee herein.

"Now, therefore, this indenture made this 4th day of August, 1930, between Pushmataha county, state of Oklahoma, by G. L. Lockard, the chairman of the board of county commissioners of said county, of the first part, and the said W. D. Miller of the second part.

"Witnesseth, that the said party of the first part for and in consideration of the premises and the sum of $420 in hand paid, the receipt whereof is hereby acknowledged, hath granted, bargained, and sold, and by these presents doth grant, bargain, sell and convey to the said party of the second part, his heirs, and assigns forever, the tract, parcel or lot of land mentioned in said notice of sale, and described as follows, to wit."

In the absence of the resale deed from the record, and in view of the cases of Treese v. Ferguson, 120 Okla. 235, 251 P. 91, and Michie v. Haas, 134 Okla. 57, 272 P. 883, we hold the deed is not void on its face. The resale deed above mentioned from the county commissioners to the plaintiff, Miller, and the deed issued to Barrow, under which the defendant claims, are not in the record, but were before the trial court for his inspection. If the proceedings concerning the resale were not as the law provides, it was incumbent upon the defendant to show these facts, and since he has not done so, we will not presume that irregularities existed.

It is the opinion of this court that the judgment of the trial court should be sustained. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys Archibald Bonds, S. N. Hawks, and L. A. Rowland in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Archibald Bonds, and approved by Mr. S. N. Hawks and Mr. L. A. Rowland, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.