## WARRIOR et al. v. STITH et al.

### No. 25147.   Oct. 8, 1935.

Charles R. Freeman, for plaintiffs in error.

W. R. Banker, for defendants in error.

PER CURIAM.   This case was brought by J. O. Stith to cancel tax deed to Freeman, tax certificate under which deed was issued and deed to King for the reasons: (a) Eddie Warrior had no right to purchase tax certificate and procure deed thereon, while acting as executor of the estate. (b) He did not pay all taxes, penalties and interest up to date of his purchase. (c) That no notice was served on said J. O. Stith, prior to issuing said deed.  The trial court found these issues in favor of plaintiff, and case is now before this court for review.

The parties will be referred to herein as plaintiff and defendant, as they appeared in the court below.

On November 5, 1923, the plaintiff, J. O. Stith, purchased tax certificates on the allotment of Isaac Warrior, and thereafter had endorsed on his certificate the delinquent taxes for 1923, 1924, 1925, 1926 and 1927. Certificates for 1928, 1929, 1930 and 1931 were sold to the county.   On April 19, 1932, Charles R. Freeman, acting as agent for de-

fendant Eddie Warrior, purchased tax certificate for 1928, but did not pay the taxes then due for 1929, 1930 and 1931.

The allottee died testate July 20, 1931 leaving a part of the land to defendant Eddie Warrior, who was appointed executor, and acted as such up to time of trial.   He made a quitclaim deed to his minor son, ten years old, August 4, 1931, to his interest.

Freeman proceeded to serve notice on all heirs of allottee and obtained tax deed then quitclaimed to defendant Tishie M. King, who holds title for Eddie Warrior.  No notice was served on plaintiff who held prior tax certificate.

It was the duty of executor to pay the taxes on this land, which was a part of the assets of estate, and to sell a part or all for this purpose, if necessary.   To attempt to acquire the title himself was a violation of his duty, oath and bond. This constitutes waste of assets.   He admits he had his attorney take title for his own use and benefit, and in trial claimed all the title under tax deed in question, even the part he had deeded to his ten-year old son, Malcolm Warrior.

"An executor cannot be allowed to acquire individual interest inconsistent with the representative capacity he sustains for the benefit of the estate or to make a personal profit out of his dealings with the property of the estate." 24 C. J. 114.

Under section 1217, Okla. Stats. 1931, an executor is entitled to possession of the real estate to collect rents, keep it in repair, and should have paid the taxes thereon.

Defendant admits he did not pay any taxes except for 1928 on April 19, 1932. There was due then the taxes for 1923, 1924, 1925, 1926, 1927, and 1929, 1930, and 1931.   Section 12752, O. S. 1931, provides:

"If any person is desirous of purchasing the interest of the county in said real estate acquired by reason of the county treasurer having bid the same off for the county, he may do so by paying to said county treasurer the amount of all of the taxes, penalties, interest and costs of sale and transfer up to date of said purchase and thereupon the said treasurer shall assign and deliver to said purchaser a certificate of purchase to said real estate, which assignment and transfer shall convey to the purchaser all the right and interest of said county to said real estate as fully as if he had been the original purchaser at said tax sale."

In the case of Akard v. Miller. 169 Ok'a. 584, 37 P. (2d) 961, it is held that this statute is mandatory; that a purchaser must pay

all the taxes, otherwise the certificate is void. See, also, Hartzog v. Tucker, 108 Okla. 143, 234 P. 726-727.

It is admitted Stith held tax certificates for the years 1923, 1924, 1925, 1926 and 1927. He therefore had a lien upon the land (Honeyman v. Andrew, 124 Okla. 18, 253 P. 489), under section 12747, O. S. 1931. He was therefore entitled to notice of the application for tax deed under section 12759, O. S. 1931. No such notice having been given, the deed is void.

The deed is also void for the reason that the minor son of Eddie Warrior had an interest in the land. While no brief has been filed on behalf of minor, it is the duty of the court to protect the minor's interest. Title Guaranty & Surety Co. v. Foster, 84 Okla. 291, 203 P. 231.

Judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Chas. W. Pennel, J. Robert Ray, and Hayes McCoy in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and fact was prepared by Mr. Pennel and approved by Mr. Ray and Mr. McCoy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.