## STITH v. SIMMONS.

No. 27676. Jan. 18, 1938.

W. R. Banker, for plaintiff in error.

J. Bernard Smith, for defendant in error.

CORN, J. This is an appeal from a decree of the district court of McIntosh county, refusing to the plaintiff certain relief sought by him in the trial court. We shall refer to the parties as they appeared in the trial court.

J. O. Stith, plaintiff, filed his petition in the district court, alleging that he was the owner of 80 acres of land located in McIntosh county. The petition further alleged that on December 2, 1935, the defendant secured from the county treasurer an assignment of a tax sale certificate, this certificate being issued by reason of a sale of said land to the county at the November, 1930, sale, such sale being for the 1929 taxes, and caused notice of intention to apply for tax deed to be served on the plaintiff.

The petition alleged the purported certificate to be void for several reasons, and asked a decree canceling this certificate, and injunctive relief prohibiting the defendant from applying for a tax deed.

When the petition was filed, a temporary restraining order and summons were issued, but not served upon the defendant. However, the defendant filed an answer, in the form of a combined demurrer and general denial. On June 15, 1935, the cause was tried to the court, resulting in a finding and judgment for the defendant and denying the plaintiff the relief prayed for. Motion for new trial was overruled, and the plaintiff appeals.

The petition in error offers six assignments of error, but at the trial and in the appeal brief the plaintiff relies upon two contentions as grounds for declaring the certificate in question void: First, that the purported tax sale certificate is void because issued in violation of the provisions of Senate Bill No. 11, art. 15, chap. 66, S. L. 1935. Second, that the purported tax sale certificate is void because issued in violation of section 12752, O. S. 1931.

The plaintiff's principal contention is that the tax sale certificate in question is void because it was issued in violation of the provisions of S. B. 11, art. 15, chap. 66, S. L. 1935, providing (quoting only that portion pertinent to this appeal) that:

"Section 1. Taxation—Ad Valorem Taxes —Penalties, Interest and Costs Waived— County Treasurer—Duties—Penalty if not Paid by December 1, 1935, on Taxes for 1932 and Prior Years.

"All penalties, interest, and costs that have accrued on unpaid ad valorem taxes on real and personal property due the state, any county, town, township, school district or any subdivision thereof, levied and assessed for the year 1932 and all prior years, are hereby waived, released and canceled, and it shall be the duty of the county treasurer of each county of this state, within (60) days after the effective date of this act to strike and cancel all such penalties, interest and costs from the tax rolls of the county; said penalties, interest and costs to be permanently waived and not again to be placed upon the tax rolls of the county. Taxes levied and assessed for the year 1932 and all prior years shall again become delinquent on December 1, 1935, and if not paid on or before said date shall thereafter bear penalty of twelve (12) per cent. per annum on account of the nonpayment thereof prior to said time."

The plaintiff's argument is directed toward showing that, inasmuch as this bill

expressly waived all penalties, interest, and costs for the years stated, no delinquency existed upon which a valid tax sale certificate could be issued. We are unable to find any merit in this contention.

Under the authority of the statutes, there can be no question of the treasurer's power to issue a certificate to the county for the 1929 taxes, after the sale in 1930. Nor is it to be questioned that he had the power to endorse other delinquencies upon this certificate, and then assign this certificate, representing the county's lien, to any purchaser who paid the proper amount.

The very nature of the act in question gives an insight to the obvious intention of the Legislature in passing such an act. Granting that the act of the 1936, Special Session, c. 66, art. 2, sec. 2, contains a pro-Session, not incorporated in the act of 1935, providing:

"Nor is it the intention of the Legislature to affect the existence, validity or lien of tax sale certificates held by the county as to the principal tax or taxes evidenced thereby"

—it is still impossible to say that, because such a provision was not included in the original act, the Legislature intended to totally do away with the lien the law has always provided against tax delinquent real estate.

The admitted purpose of this act was to relieve the burden of taxation under which the taxpayer was laboring, by removing the penalties, interests, and costs which had accrued during the years of depression and financial difficulty. However, it cannot reasonably be said that such an act made void all proceedings based upon such delinquencies. Even though the law interceded in behalf of the tax debtor, it was not intended to remove entirely the duty of settling his principal debt.

This is plainly apparent for the reason that if the county's right to a lien was done away with by voiding any and all proceedings already had by reason of an outstanding delinquency, there would be nothing further upon which the county could depend to enforce its claim for taxes due and unpaid. Such an intention cannot be read into this act, when the obvious results are so easily seen, and it will not be assumed that such was the intention of the Legislature, merely because the act in question does not contain the added provision which is to be found in the act of the 1936 Special Session of the Legislature.

Further, as pointed out by the defendant, the plaintiff did not plead a tender of any of the taxes due. His failure to do this gives grounds for demurrer. Seemingly the plaintiff has attempted to enjoin the issuance of a deed without resorting to the statutory remedy allowing redemption, while attempting to avoid doing what equity demands of him, by reading into the act something which was never intended by the Legislature. See Fiedler v. Botts, 46 Okla. 245, 148 P. 154.

The second proposition urged by plaintiff is that the tax sale certificate is void because it was issued in violation of section 12752, O. S. 1931. To support this contention the plaintiff cites the recent case of Warrior v. Stith, 174 Okla. 150, 50 P. (2d) 179, wherein it is held, on the authority of Akard v. Miller, 169 Okla. 584, 37 P. (2d) 961, that this section of the statute is mandatory, and that the purchaser must pay all the taxes, otherwise the tax sale certificate is void.

However, in the Akard Case, supra, even after the original tax sale purchaser took his certificate, there were still delinquent taxes, for which the land was sold to the county for a number of years. These created a lien upon the land which had to be discharged. In the instant case we have a different fact situation. When the defendant bought the tax sale certificate he discharged every delinquency then showing against it. Anything further standing as a lien was subsequent to this certificate, and, while outstanding against the property and creating a further lien for the county, was not of a nature to invoke the statute the plaintiff contends for as invalidating the certificate.

It is to be noted that the trial court stated to the plaintiff that he had a remedy if he desired to avail himself of it either to bring an action to cancel the deed after issued or to pay the taxes outstanding.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, GIBSON, and HURST, JJ., concur. DAVISON, J., absent.