SWEARINGEN v. McCARTAN et al.

*96 P. 2d 1061.*

No. 28123.   Oct. 17, 1939.

Rehearing Denied Nov. 14, 1939.

Application for Leave to File Second
Petition for Rehearing Denied
Dec. 19, 1939.

Fred W. Green, of Guthrie, for plaintiff in error.

McGuire & McGuire, of Guthrie, for defendant in error Mrs. Alexander McCartan.

J. H. Hill, John R. Ramsey, B. W. Griffith, and Sol H. Kaufman, all of Tulsa, for defendants in error the Texas Company and H. L. Braun.

Harry T. Klein, of New York, N. Y., of counsel, for defendant in error the Texas Company.

GIBSON, J.   This is an action in ejectment by the holder of a resale tax deed against the owner of the premises and her lessees.

Judgment was entered for defendants quieting title and canceling plaintiff's deed, and the latter has appealed.

Defendants made tender of all taxes, penalties, interest, and costs (sections 12761, 12763, O. S. 1931, 68 Okla. Stat. Ann. § § 453, 455), and charged that the deed was void on its face, and was void also by reason of the omission on the part of the taxing officials to perform certain alleged jurisdictional functions in connection with the assessment and sale of the land.

After a thorough examination of the record, we are of the opinion that the trial court erred in holding the resale tax deed void.

Defendants have urged that, since the

tax deed fails to recite that the property described therein was legally liable for taxation and had been duly and lawfully assessed, it is void on its face. Sections 12760, 12762, O. S. 1931, 68 Okla. Stat. Ann. § § 452, 454; Felt v. Schaub, 134 Okla. 193, 272 P. 830; Kirsch v. Tracy, 174 Okla. 489, 55 P. 2d 428.

The foregoing decisions have been overruled by this court and the above contention decided adversely to defendants. Reeves v. Caldwell, 179 Okla. 501, 66 P. 2d 75; Davis v. Fariss, 180 Okla. 125, 68 P. 2d 417; Patteson v. Myers, 183 Okla. 601, 83 P. 2d 846; McKnight v. Frey, 184 Okla. 303, 86 P. 2d 985. In the Reeves Case, above, we held as follows:

"A resale tax deed otherwise sufficient is not void on its face merely because it fails to expressly recite that the land was legally liable for taxation. And the rules announced in Kirsch v. Tracy, 174 Okla. 489, 55 P. 2d 428, and Felt v. Schaub, 134 Okla. 193, 272 P. 830, in so far as contrary hereto, are expressly overruled."

The present tax deed was executed pursuant to the resale of 1936 which was based upon the regular November sale of 1933. Defendants say the treasurer's return of the 1933 sale was not made as required by law, thus invalidating both the regular sale and the resale and rendering the deed void. Section 12745, O. S. 1931, 68 Okla. Stat. Ann. § 386; Mannus-Dewall v. Smith, 139 Okla. 195, 281 P. 807; Massey v. Tucker, 141 Okla. 193, 284 P. 648.

It is said in this connection that the treasurer filed no return of sale with the county clerk until the February following the regular sale, and therefore failed to comply with the provision of said section 12745, which requires that the return be filed on or before the last day of November. But the defendants admit that the last-cited cases, so far as the decisions pertain to this particular question, have been overruled. Jepeway v. Barrett, 165 Okla. 220, 25 P. 2d 661. Failure to file the return aforesaid is not jurisdictional, but a mere irregularity, and does not invalidate the sale. In McNaughton v. Beattie, 181 Okla. 603, 75 P. 2d 400, we held as follows:

"The failure to file the return of sale as required by section 12745, O. S. 1931 (68 Okla. Stat. Ann. § 386) is not such jurisdictional defect as to render resale tax deed void, but such return is evidence of the regularity of the proceedings."

See, also, Gilbert, Rec., v. Cochran, 183 Okla. 100, 80 P. 2d 230.

It is further contended that article 15, chapter 66, Session Laws of 1935, deprived the county treasurer of all power to conduct the resale of 1936. That statute cancels all penalties and interest on delinquent taxes for the year 1932 and prior years. It also waives the penalties and interest on delinquent taxes for the years 1933 and 1934 on condition that the taxes be paid on or before certain dates, respectively, in the year 1935. The argument in this behalf is that the waiver of interest and penalties, even for only a particular period of time, had the legal effect of wiping out any earlier November sale and leaving the county treasurer only the power to offer the property for sale at the regular November, 1936, sale. In other words, the defendants say there was no regular November sale upon which to predicate the resale of April, 1936.

But the provisions of the above statute do not purport to cancel previous tax sales, and we find nothing therein to indicate such a legislative intent. The effect thereof was not to cancel certificates of sale issued to the county at November sales, but to permit redemption without payment of accrued penalties and interest. We have heretofore held that the statute in question did not divest the county of its tax lien, but merely abolished penalties in order to aid delinquent taxpayers in discharging their tax duties. Stith v. Simmons, 181 Okla. 538, 75 P. 2d 419.

The entire sales proceedings out of which the present deed resulted were based upon the delinquent taxes for 1932. The statute, without qualification, purports to cancel all penalties and interest to accrue on the taxes aforesaid up to December 1, 1935, and the taxes for

1932 and prior years were not to become delinquent until the latter date. Assuming the legality of the statute in this respect, the defendants could have redeemed without paying the interest and penalties on the 1932 tax. Nevertheless, the county could conduct November sales subject only to the taxpayer's right to redeem before or at the resale without paying the interest and penalties in question. The resale deed shows on its face that the county treasurer had recognized this right of redemption without payment of the interest and penalties.

The law governing this situation is stated in Stith v. Simmons, supra, as follows:

"When a tax sale certificate has been issued and the legal holder thereof seeks a tax deed as provided by statute, an action will not lie by the owner of the land to enjoin the taking of such deed for the reason that the certificate was issued upon proceedings had during the period described in the act, supra, waiving penalties, interests, and costs."

The act there mentioned was the statute of 1935 here in question. If the right of an individual owner of a tax certificate to take a deed is unaffected by that statute, it stands to reason that the county's rights under similar certificates to foreclose by resale are also unaffected thereby.

Next, it is asserted that the assessment of 1932 was void in that the land was not listed in the name of the owner or assessed to unknown owners as required by section 12596, O. S. 1931, 68 Okla. Stat. Ann. § 104.

The column, or space, provided on the rolls for the name of the landowner was left blank for the year 1932. This circumstance, say defendants, invalidated the November, 1933, sale of this property and all subsequent proceedings including the resale of 1936.

It is true, there must be a valid assessment to support a sale. But the assessment here did not invalidate the sale. Section 12596 does provide that where the name of the owner of property not already listed by another is known to the assessor the property shall be listed in his name, and, if unknown, the property shall be assessed to "unknown owners." But that provision is directory only. We are aware of no decision of this court dealing directly with this particular question, but we have a statute that would appear to indicate beyond a doubt that the provision aforesaid was intended as directory only and that a failure to comply therewith would not invalidate the assessment and consequently the sale. Section 12764, O. S. 1931, 68 Okla. Stat. Ann. § 395. The material portion of that section reads as follows:

"The sale of lands, town or city lots or any other real property shall not be invalid on account of such real property having been listed or charged in any other name than that of the rightful owner."

If a listing on the assessment rolls in the name of a stranger to the title will not serve to invalidate the tax sale, then a failure to list in any name should not invalidate such sale, for the latter circumstance could result in no greater danger to the landowner.

Furthermore, under the curative provision of sections 12760 and 12761, O. S. 1931, 68 Okla. St. Ann. §§ 452, 453, a mere error in the assessment is made an irregularity and not a jurisdictional defect such as will invalidate the sale. Section 12760 makes the deed issued in substantial compliance with the statutory requirements presumptive evidence of six facts, the fourth being "that the property had been listed and assessed," and it then provides that "to defeat the deed it must be clearly pleaded and clearly proven that some one of the above-named six requisites was wholly omitted and not done and a showing that any one or all of them was irregularly done will not be sufficient to defeat the deed." Section 12761 provides that to defeat the deed the party desiring to set it aside and recover the land "in addition to showing clearly the entire failure to do some one or all the things of which the tax deed is made presumptive evidence" must show and do certain other things. These statutory provisions render the

rules stated in Cooley on Taxation (3d Ed.) at pages 596-600 and at page 721 (relied upon by the defendant) inapplicable in this state.

North Dakota has statutes very similar to sections 12596 and 12764, supra. The Supreme Court of that state has held that the provision requiring assessment in the name of the owner was directory only, in view of the provision in the other statute to the effect that no sale of real estate for taxes shall be considered invalid on account of the same having been charged in any other name than that of the rightful owner. Sykes v. Beck (N. D.) 96 N. W. 844. The holding there may well be applied here to the degree that an entire omission of the owner's name will not invalidate a tax sale based on such assessment.

It is asserted that the notice of the 1936 resale was insufficient in that it failed to comply with section 12754, O. S. 1931, 68 Okla. Stat. Ann. § 413. The section provides that "such notice shall contain * * * the name of the owner of said real estate, as shown by the last tax rolls in the office of the county treasurer. * * *" The last tax rolls did not contain name of any person as owner of the particular premises, but the space provided therefor remained b l a n k. Neither did the notice in question contain any reference to the name of the owner.

This court has heretofore held that a notice of tax resale affirmatively giving as owner of the particular premises the name of one not appearing to be the owner thereof according to the last tax rolls in the treasurer's office was defective, and would warrant cancellation of the deed issued pursuant thereto when attacked in due time. Brown v. Mudd, 173 Okla. 152, 47 P. 2d 109. But we have not held that a notice omitting any reference to the owner will invalidate the deed in circumstances like the present when the tax rolls are silent as to ownership of the premises. The notice, in order to be entirely regular, should conform to the rolls in this respect. We have said above that the space provided on the tax rolls for the owner's name may be left entirely blank and not affect the validity of the assessment. If the aforesaid notice conforms to the rolls, and the latter are in legal form, it follows as a matter of course that the notice is to that extent also in legal form. Here the notice conformed to the rolls.

Defendants say the resale deed was prematurely issued, thus abridging defendants' statutory period of redemption, and therefore rendering the deed voidable.

The sale at resale was concluded September 30, 1936, and the deed in question was executed after the sale of the particular property, and filed for record September 11, 1936, or 19 days prior to the conclusion of the resale.

It is contended that a resale tax deed may be legally issued only within the 30-day period next following the conclusion of the sale (sec. 12756, O. S. 1931, 68 Okla. Stat. Ann. § 415), and that the defendants were entitled to an opportunity to redeem at any time before the deed could legally issue. Section 12757, O. S. 1931, 68 Okla. Stat. Ann. § 393.

Defendants concede that this question was decided adversely to their contention in Reeves v. Caldwell, and Davis v. Fariss, supra. They insist that in this respect those decisions were fundamentally erroneous and should be modified to permit liberal construction of sections 12756 and 12757 in favor of the landowner. Such construction, they say, would limit the power to issue resale deeds to the 30-day period aforesaid, and permit redemption at any time prior to that period and until deed is issued.

The writer of this opinion agrees with that contention, but feels bound by the rule as stated in the last-cited cases although he dissented at the time of their adoption. In Davis v. Fariss, it reads as follows:

"A resale tax deed is not rendered void because issued before the treasurer has finished public sale of all other tracts of land advertised for sale during the same general county resale

which is continued from day to day until all tracts are resold."

We find that the resale tax deed has withstood every objection lodged against it. The judgment must, therefore, be reversed and the cause remanded, with direction to enter judgment for plaintiff sustaining his deed and quieting his title, and to proceed with trial of the issues as to damages.

WELCH, V. C. J., and CORN, HURST, and DANNER, JJ., concur.