FULLERTON v. HUGHES et al.

No. 30979. Feb. 15, 1944.

*145 P. 2d 943.*

P. G. Fullerton, of Lawton, pro se.

Dwight Malcolm, of Lawton, for defendants in error.

HURST, J. The plaintiff, Fullerton, sued to quiet title to five lots in the city of Lawton. The lots were sold to the county at the November, 1929, delinquent tax sale for the taxes for the years 1925 to 1928, inclusive. The lots were again sold to the county at the November, 1930, delinquent tax sale for the 1929 taxes. On April 24, 1934, the tax certificate based upon the 1930 sale was assigned to Fullerton, who paid therefor the amount for which the property was sold in 1930, with interest, penalty, and costs thereon. He also paid the taxes for the years 1930 to 1938, inclusive, and the payments were endorsed upon his certificate. He did not, however, pay the taxes for the years 1925 to 1928, inclusive, nor did he pay the taxes assessed for the years 1939 and 1940. The property was advertised for sale and sold at the 1941 tax resale to D. C. Hughes for the taxes from 1925 to 1928, inclusive, and the taxes for 1939 and 1940. Hughes thereafter conveyed the property by quitclaim deed to the defendants Clyde Snider and Hattie Lorene Snider. Fullerton demanded that the county treasurer issue to him a tax deed and offered to surrender his certificate, and he also demanded that the board of county commissioners direct the treasurer to issue a tax deed, but such demands were refused on the ground that at the time he purchased the tax sale certificate there were other delinquent taxes due which he did not pay. Failing to get a tax deed on his certificate, Fullerton filed for record in the office of the county clerk his tax sale certificate, and on September 19, 1941, he commenced this action against the defendants, D. C. Hughes, Clyde Snider, and Hattie Lorene Snider, and prayed for cancellation of the resale tax deed to Hughes and the quitclaim deed from Hughes to the Sniders. The action was tried on an agreed statement of facts, which embodied the copies of the instruments aforesaid, and which submitted to the court the sole question as to whether, under the above facts, the county treasurer had jurisdiction to sell the property at the 1941 resale for the delinquent taxes for the years 1925 to 1928, inclusive, and for the years 1939 and 1940. The trial court entered judgment in favor of the defendants, and from that judgment the plaintiff appeals.

The sole question presented is whether, under the facts above stated, the county treasurer had jurisdiction to sell the property at the 1941 resale. The plaintiff argues that the assignment of the tax sale certificate to him constitutes a contract which is protected by the contract clause of the Federal Constitution (art. 1, sec. 10), and he cites authorities which hold that such a contract may not be impaired by subsequent legislation. The rule relied upon presupposes a valid contract. 6 R. C. L. 326. But the treasurer was without authority to assign the tax certificate to Fullerton for anything less than the full amount of taxes, penalty, interest, and costs that had been assessed against the property and that was due and unpaid at the time of the assignment. O. S. 1931, § 12752; 68 O. S. 1941 § 411; Akard v. Miller, 169 Okla. 584, 37 P. 2d 961. See, also, Hartsog v. Tucker, 108 Okla. 143, 234 P. 726, and Warrior v. Stith, 174 Okla. 150, 50 P. 2d 179.

It follows that the transfer of the certificate to Fullerton did not affect the validity of the county's lien for said delinquent taxes, etc., and the treasurer had jurisdiction to sell the property at the 1941 tax resale for the same. Akard v. Miller, above.

Judgment affirmed.