BAIRD v. HAYES.

No. 35080.   Nov. 12, 1952.

*250 P. 2d 433.*

DeWayne Hays and LeRoy Powers, Oklahoma City, and W. Custer Service, Edmond, for plaintiff in error.

P. D. Erwin, Chandler, for defendant in error.

BINGAMAN, J.   Action by R. G. Hayes, plaintiff, against the defendant Everett Baird and others, to quiet title to the west 25 feet of lots 13, 14, 15, 16 and 17, in block 3, original town of Wellston, Lincoln county, Oklahoma. From a judgment for plaintiff, the named defendant alone appeals.

Established facts are that said land was sold at tax resale during the year 1936, and resale deed issued to Lincoln county. Thereafter the plaintiff obtained a deed from the county commissioners of Lincoln county and took possession of the land under said deed on January 25, 1937. He has remained in

possession at all times thereafter and placed valuable improvements upon the property.

Defendant was the holder of a mortgage against the property made by a former owner on May 30, 1927, maturing on May 30, 1928. This mortgage had never been in any manner extended or renewed. Plaintiff claimed title under the aforesaid resale deed and commissioner's deed, and by quitclaim deeds from certain heirs of the former owner. Defendant in his answer asserted that the resale deed was void for a number of reasons which it is unnecessary to here set out.

In this court defendant asserts that plaintiff did not establish title to the property in himself in that there was no determination of heirship of the former owners and that the resale deed to the county was void for the following reasons: (1) That under the provisions of Senate Bill No. 11, of the 15th Legislature, S. L. 1935, p. 333, all penalties, interest and costs accrued on unpaid ad valorem taxes for the year 1932, and all prior years, were canceled and did not become delinquent until 1935; that the original sale of the property to Lincoln county was on November 2, 1931, and that penalties, interest and costs having been canceled by the above act of the Legislature the purported resale of May, 1936, was not based upon a valid original sale. (2) That the resale tax deed was void for the reason that on its face it shows that the portions of several town lots were not assessed and sold separately as provided by law. We will dispose of these contentions in the order stated.

(1) Defendant cites no authority in support of the proposition that the 1935 law voided the original sale of the property in question to Lincoln county on November 2, 1931, and we have repeatedly held to the contrary. Stith v. Simmons, 181 Okla. 538, 75 P. 2d 419; Banchor v. Bass, 186 Okla. 22, 95 P. 2d 895; Swearengin v. McCartan, 186 Okla. 241, 96 P. 2d 1061. There is no merit to this contention.

(2) In support of his contention that the failure to assess the portions of lots covered by the resale deed separately rendered the deed null and void, plaintiff cites Emery v. Stansbury, 173 Okla. 478, 49 P. 2d 155, which so held. But in later cases we have announced the rule that two or more contiguous lots or parts of lots in a city or town occupied by a permanent structure covering all or a portion of such lots and owned by one person or by tenants in common, constituted a single tract for the purposes of taxation and could be listed and valued as one parcel and sold at tax sale for a single consideration. Board of County Commissioners of Tulsa County v. Sutton, 185 Okla. 665, 95 P. 2d 648; Light of Truth Spiritualist Church v. Davis, 198 Okla. 694, 181 P. 2d 969. The evidence in this case shows that at the time the property was sold it was owned by two joint tenants and was covered by a permanent structure. This contention of defendant is untenable.

We are committed to the rule that a valid resale tax deed divests former owners of all their right, title and interest in the land and vests in the purchaser an absolute and perfect title in fee simple, and that the term "former owners" includes all persons claiming an interest in the property. Kasner v. Wilson, 202 Okla. 497, 215 P. 2d 833; Cornelius v. Jackson, 201 Okla. 667, 209 P. 2d 166; Taylor v. Lawrence, 176 Okla. 75, 54 P. 2d 634; Colebrook Guaranty Savings Bank v. Lambert, 172 Okla. 80, 44 P. 2d 117.

It follows that the mortgage of defendant, if a valid mortgage at the time the resale deed was made, was no longer an encumbrance on the property.

Affirmed.

HALLEY, V.C.J., and CORN, JOHNSON, and O'NEAL, JJ., concur.