WILLIAM E. IRELAND v. W. A. GEORGE *et al.*

1. ASSESSMENT—*Omission of Name—Tax Deed.* The omission of the name of the person to whom a tract of land is assessed from the notice of a tax sale, will not vitiate the title conveyed by the deed to the tax purchaser of the real estate. (*Shoup v. C. B. U. P. Rld. Co.*, 24 Kas. 548.)

2. NOTICE—*Time for Redemption.* Where a delinquent tax notice recites that the sale was made September 3, 1878, and that the owner must redeem on or before September 3, 1881, *held*, full three years are given for redemption by such notice.

3. DELINQUENT *Tax Notice— Change, not Material.* Where a change is made in a delinquent tax notice during the publication, and such notice is published for the required time, and either form of such notice taken alone would be sufficient to uphold a sale made thereunder, *held*, such change not material or misleading.

4. NOTICE, *Not Misleading.* Where a delinquent tax list is headed "Office of the County Treasurer," dated "July 10, 1878," and recites that "So much of the following lands as may be necessary, will on

the 3d day of September and next succeeding days be sold," etc., "at my office, for the taxes of the year 1877," *held,* that such notice is not misleading as to time and place of sale.

5. NOTICE, *Duly Posted—Presumption.* Where some evidence is offered tending to show that a delinquent tax notice was duly posted in four public places, as required by law, such evidence is conclusive when approved by the trial court, and in the absence of all proof, such duty is presumed to have been performed.

6. TAX SALE, *not Defeated.* Where a tax sale is made for one cent less than the taxes, penalties and costs allowed by law, such defect is not sufficient to defeat a tax sale otherwise regular.

### *Error from Harvey District Court.*

ACTION brought by *Ireland* against *George* and two others, to recover a quarter-section of land in Harvey county. Trial at the February term, 1887, and judgment for the defendants. Plaintiff brings the case here. The opinion states the facts.

*Greene & Shaver,* and *J. D. Snoddy,* for plaintiff in error.

*Ady & Henry,* and *Bowman & Bucher,* for defendants in error.

Opinion by CLOGSTON, C.: This was an action in ejectment, brought by the plaintiff against the defendants, to recover possession of one hundred and sixty acres of land. Plaintiff claimed by a chain of title from the government, and defendants claimed title and possession under a tax deed. This deed is challenged upon many grounds. The first ground is, that the delinquent tax notice failed to describe the land as described on the tax-roll, and that the name of the person to whom it was assessed was omitted. This question has been settled by this court, and this omission has been held to be a mere irregularity, and not sufficient to invalidate a tax deed otherwise regular. (*Shoup v. C. B. U. P. Rld. Co.,* 24 Kas. 548.)

The second challenge is, that the delinquent tax notice does not give full three years from the date of the tax sale for the owner to redeem. The delinquent tax notice states that the sale was made September 3, 1878, and that the owner must

redeem on or before September 3, 1881. Counsel insist that the owner had all of September 4th in which to redeem, and as the 4th day was Sunday, he had all of September 5th. Counsel are mistaken in their computation of time. By excluding September 3d, the first day or day of sale, and including September 3d, the last day of redemption, we think full three years are given the owner in which to redeem. The deed was not actually executed until September 21, 1881, and the owner had up to that time in which he might have redeemed.

The next objection urged is, that the delinquent tax notice was not published and posted as required by law. The evidence shows that the notice was published March 17, 24, and 31, and April 7, 14, and 21, 1881. In the three publications the portion objected to in the published notice is as follows: "Was sold for tax September 3, 1878, for the tax of 1877;" and in the last three publications the notice stated, "Were sold September 3, 1878, for the tax of 1877," etc. Each of these notices was sufficient, and taken together was published for a sufficient time, and notified the owner that his land had been sold on September 3, 1878, for the tax of 1877. This was specific, and there was no material change in these notices that could mislead anyone; hence the publication must be held sufficient.

As to the objection that the notice was not posted in four public places in the county, we think the evidence sufficient to silence that complaint, as there was evidence tending to show such posting, and the law presumes where a deed is regular upon its face that the notice was posted; (*Stout v. Coates*, 35 Kas. 382;) and where there is some evidence tending to show this fact, this court will not weigh and determine such evidence. Again, the tax proceedings were challenged for the reason that the delinquent tax list for 1878 was insufficient. The delinquent tax notice under which the tax sale was made is as follows:

"DELINQUENT TAX LIST FOR 1878.— *Office of County Treasurer, Harvey County, Kansas,* July 10, 1878.—Notice is hereby given that so much of the following lands and town

48—41 KAS.

lots, situated in Harvey county, Kansas, as may be necessary, will on the 3d day of September, and the next succeeding days, be sold by the undersigned at public auction, at my office in the city of Newton, for the taxes of the year 1877, including penalties and costs of advertising.

|  | Sec. | Town. | Range. | Amount. |
|---|---|---|---|---|
| S. W. qr . . . . . . . . . . . . . . . . . . . . | 12. | 24. | 1 E. | 10.38." |

It is claimed that this notice is defective for the reason that no year is fixed for the tax sale, and no place definitely designated where the sale would take place.   The notice is dated at the "Office of the county treasurer of Harvey county, Kansas, July 10, 1878," and it provides that the sale shall take place on September 3d, and the next succeeding days, and be sold for the taxes of 1877.   Now upon the face of this *reading* can it be said that the owner, or anybody interested in this property who sees this notice, would be misled as to the time of sale or place of sale?   It is issued from the office of the county treasurer of Harvey county, Kansas, and states that the sale will take place "at my office."   This was signed by the treasurer.   Where the date of a notice is fully given in the heading thereof, and afterward in the body of the same another and subsequent date is mentioned by the month alone, such latter date is universally understood to refer to the present or next succeeding month of that name on the calendar.   In other words, where September 3d is mentioned, and the date of the notice itself shows the year, and September coming after that month, it is universally held to refer to the first September recurring after the date given; and if this rule is followed in this class of cases, then this notice could not possibly mislead either as to the date or place of sale.   In addition to this, the law fixes the time when the sale shall take place, and all property-owners know that when their tax is delinquent one year that the land will be sold in the September of the following year; so that when this notice stated that this land was to be sold for the taxes of 1877, it was known that this sale would take place in September and the succeeding days thereafter of 1878.   We are therefore of the opinion that the notice was not so defective as to render the sale voidable.

The last objection urged is, that the land was sold for more than the taxes, interest and penalty due thereon. The taxes were $9.61. Counsel insists that the five-per-cent. penalty attaching June 21, 1878, would be 48 cents, making the taxes and penalty $10.09; and to add to this the fee for advertising would make it $10.34 — the amount for which it should have been sold. It is conceded that $9.61 was the true amount of the taxes, and that 48 cents is the amount of the penalty; then the statute provides five cents for making out the list, and 25 cents for the printer's fee for publishing, and a fee for the treasurer for the tax-sale certificate of 10 cents — making a total of $10.49. The land was sold for $10.48. Section 109 of chapter 107 provides for a sale to pay the taxes and charges thereon, including costs and advertising and fees for selling; and § 18 of chapter 39 of the Compiled Laws of 1875 provides the fee for making the list for publication and fees for printing. These statutes fully warrant the fees as charged. The amount that the land ought to have been sold for was at least one cent more than that actually sold for. There was no intentional sale made for a greater sum than that authorized by law; and where it is shown that the sale has been for a trifle more or less, and yet where there is no intention of selling for a greater or less sum than that provided for by law, such discrepancy will not vitiate the tax-sale proceedings. (*McQuesten v. Swope,* 12 Kas. 32; *Genthner v. Lewis,* 24 id. 312.)

After a careful examination of this record and the errors alleged by the plaintiff in error, we are unable to say that the tax deed was voidable for any of the irregularities set out, and we therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.