MEYER et al. v. CORN.

No. 29594.  Sept. 22, 1942.

Rehearing Denied Dec. 1, 1942.

*131 P. 2d 62.*

J. S. Severson, of Tulsa, for plaintiffs in error.

Williams & Gable, of Tulsa, for defendant in error.

BAYLESS, J. C. C. Corn purchased certain real estate in Tulsa county from the board of county commissioners of that county, the county's title being based on a resale deed. Corn thereupon filed an action against R. H. Meyer and Lillian Meyer setting up title to the property and asking that he have his title quieted and possession thereof. The Meyers defended the action setting up a number of defects which they claimed were sufficient to invalidate the resale deed, and tendered to the plaintiff the necessary taxes, penalties, interest, and cost to redeem the property.

At the trial of the case the judge ruled that the burden of proof was on the defendants, they having admitted the execution and delivery of the resale deed and the county commissioner's deed. No complaint is made about this ruling. At the close of the defendants' evidence the trial court sustained the plaintiff's demurrer thereto and rendered judgment for the plaintiff sustaining his claim of title to the property. The defendants appeal.

The defendants set up several specifications of error, which are answered in the same order by the plaintiff, and we will discuss these in the order in which they are presented.

In the first proposition the defendants assert the the sale proceedings whereon the resale was based were fatally defective because the county treasurer did not advertise that he would offer the property for sale in small portions in an effort to sell less than the whole of the tract for all of the taxes due against the whole tract, and they point out that the sale proceedings do not anywhere indicate that the county treasurer followed the commands of section 12743, O. S. 1931, in this respect. In answer to this, plaintiff points out that defendants did not assign this as a defect in the defense which they made to the deed and that no mention was made thereof in their evidence and discussions of the issues in the trial court. He urges that they are not entitled to present this ground for the first time on appeal. Our examination of the record discloses that the plaintiff is correct in this matter, and we therefore decline to consider further this assignment of error.

It is next contended that the resale deed is void for the reason that the county treasurer was not authorized to endorse on the tax sale certificate the delinquent taxes for the years subsequent to 1930. The notice of the resale indicated that the county treasurer intended to sell the property for the delinquent taxes for 1930, upon which the 1931 sale was based, as well as for the delinquent taxes for the subsequent years. As a matter of accuracy, we do not believe that the record discloses that the county treasurer did endorse upon the certificate issued to the county in connection with the 1931 sale the taxes for the subsequent years. However, we recognize that the advertisement of the intention to sell for the taxes delinquent for the subsequent years is tantamount in effect to endorsement thereon. We therefore treat this contention as meaning that the county treasurer is not authorized to sell at resale for any taxes other than those for which the property was sold originally. This, of course, is contrary to the explicit provisions of section 12754, O. S. 1931, which provides that the notice of resale which contains a statement of "the amount of all delinquent taxes," and of section 12755, O. S. 1931, which speaks of offers of bids equal to or greater than the amount of the taxes, penalties, and cost due on each tract of land. This same thought is found in section 12756, O. S. 1931. We are of the opinion that it was the purpose of the Legislature that the county treasurer sell the property at resale for all delinquent taxes against it whether endorsed on the certificate or not and that a resale had the effect of wiping out all delinquent taxes advertised to be sold. Therefore, there is no merit in this contention.

Under the same proposition the defendants urge that the tax sale whereon the resale is based is void because section 12740, O. S. 1931, only authorized the treasurer to sell where the taxes are a lien and unpaid on May 1st of the year of the sale, calling attention to the fact that chapter 66, art. 18, S. L. 1931, expressly extended the taxes for the year 1930 in such a manner that they would not have been delinquent until after September 1st of 1931. In the case of Swearingen v. McCartan, 186 Okla. 241, 96 P. 2d 1061, we held that similar legislation in 1935 did not divest the county of its lien for the delinquent taxes so extended or suspend the authority of the county officials to conduct the regular sales or resales therefor. In this case it will be observed that but for the act of 1931, the 1930 taxes would have been due and a lien on May 1, 1931. The taxes were not paid during the period extended by the act and its suspensory powers expired September 1, 1931. These taxes were actually unpaid and a lien when offered for sale in November, 1931.

Under this same proposition, defendants assert that the resale deed is void for the omission of statutory recitation that the land was legally liable for taxes and had been lawfully assessed. Section 12762, O. S. 1931. In Swearingen v. McCartan, supra, we held that the omission of this recital was not a vital defect in a resale deed.

The last point discussed under this

proposition raises the contention that the resale held in 1938 based upon the sale of 1931 was absolutely void because the county treasurer was without authority to conduct the same. This argument is based on the premise that article 15, ch. 66, S. L. 1935, had the effect of canceling all previous annual tax sales. Therefore, say the defendants, there was no sale in 1938 whereon a resale could be founded. The section relied upon is quoted in the brief but no mention is made therein of the cancellation of sale already had, and reference is entirely to cancellation of penalties, interest, and cost on unpaid ad valorem taxes on real and personal property. In Swearingen v. McCartan, supra, we expressly held that this particular act did not serve to divest the county of its tax liens or to suspend the authority of county officials to conduct the regular tax resales based upon prior November sales.

The third assignment of error is that the court erred in admitting certain evidence on the part of the plaintiff. One of the objections to the validity of the resale was the fact that the county treasurer held the resale in one of the district court-rooms in the courthouse at Tulsa when he had advertised that the sale would be held at the county treasurer's office. Plaintiff introduced evidence to show the circumstances relating to the transfer of the sale from the county treasurer's office to the district court-room. In the case of Cherryhomes v. Board of County Commissioners, Tulsa County, 160 Okla. 159, 16 P. 2d 257, we considered an identical contention with respect to the same sale. We held that the announcements made of the transfer of the sale from the treasurer's office to the district court-room did not affect the validity of the sale because it was not shown that any person was prejudiced thereby or deprived of an opportunity to bid at the sale. The same applies here, since defendants made no showing of prejudice.

The last contention of the defendants is based upon evidence which they offered for the purpose of showing that although this property was sold at resale for drainage taxes as well as others, in the distribution of the sale proceeds the money was applied entirely to ad valorem taxes and not to drainage taxes. In other words, defendants rely upon the alleged erroneous distribution of the proceeds of the resale to invalidate the resale deed. We think it must be obvious that the purchaser at resale has no control over the matter of distribution of the funds, and that it is not a matter for objection on his part or the part of the former property owner where the money is distributed, because the sale of the property for the delinquent taxes had the effect of extinguishing the delinquent taxes. The misdistribution of the proceeds of the resale could not affect defendants.

The judgment of the trial court is affirmed.

CORN, V. C. J., and OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and RILEY, J., absent.