**BOARD OF COUNTY COMMISSIONERS OF ELLIS COUNTY, OKL., v. CITY OF SHATTUCK, OKL., ex rel. VERSLUIS.**

**No. 2805.**

Circuit Court of Appeals, Tenth Circuit.

Jan. 8, 1944.

S. H. King, Asst. Atty. Gen., and O. E. Enfield, Co. Atty., of Arnett, Okl. (Randall S. Cobb, Atty. Gen., on the brief), for appellant.

L. W. Randolph, of Muskogee, Okl., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The City of Shattuck, Oklahoma, created a street improvement district, levied an assessment, and issued paving bonds. The assessment was divided into ten annual installments, payable in 1930 to 1939, respectively. In some instances the installment was not paid, and in consequence default was made in payment of some of the bonds. At the regular tax resale in 1940, the county treasurer sold some of the lots covered by the assessment for delinquent ad valorem. taxes and delinquent installments of the assessment. There were no bidders; the lots were struck off in the name of the county for the amount of all taxes, penalties, interest, and costs due and delinquent; and deeds were issued to the Chairman of the Board of County Commissioners. The resale was based upon annual sales to the county for both delinquent ad valorem taxes and delinquent installments of the assessment. But the property had been sold at only one original tax sale for a delinquent installment of the assessment. All subsequent installments were endorsed from year to year on the county sale record or tax sale certificate by the county treasurer.

This action was instituted to foreclose the assessment lien, and the county was joined as a party defendant. Judgment was entered, determining among other things that the tax resale extinguished the assessment lien for the years in which the lots had been sold at the original tax sale but not for the subsequent years in which the delinquent installments were endorsed on the county sale record or tax sale certificate. The county appealed.

█ The assessment was levied under the provisions of chapter 173, Laws of Oklahoma 1923. Section 23 of the act, 11 O.S.A.1941 § 103, provides that the assessment shall constitute a lien against the lots and tracts which it covers, coequal with the lien of other taxes; and section 28, 11 O.S.A.1941 § 106, provides that on or before September 15th of each year the city or town clerk shall certify to the county treasurer all delinquencies in the assessment accruing that year, that the county treasurer shall place them on the November delinquent tax list, and that they shall be collected as other delinquent taxes are collected. Delinquent installments of as-

sessment certified and placed on the tax rolls in that manner are delinquent taxes, and it is the duty of the county treasurer to collect them by sale and resale in like manner as other delinquent taxes are collected. Oklahoma City v. Vahlberg, 185 Okl. 28, 89 P.2d 962; Board of County Com'rs v. City of Wewoka, 191 Okl. 142, 127 P.2d 826.

The regularity of the original tax sales at which the lots were advertised and offered for public sale is conceded. It therefore is unnecessary to consider them. Sections 12753, 12754, 12755, and 12756, O.S. 1931, were in effect at the time this assessment was levied. Section 12753 provides that when real estate struck off to the county shall remain unredeemed for a period of two years from the date of sale, and no person shall offer to purchase it for the taxes, penalty, and costs due thereon, the treasurer shall advertise and sell it; section 12754 fixes the time of the resale and provides the notice to be given; section 12755 provides that in case there is no bid or offer as therein specified, the treasurer shall bid off the property in the name of the county for the amount of the taxes, penalties, interest, and costs, and shall issue a deed therefor in the name of the Chairman of the Board of County Commissioners; and section 12756 provides that deeds issued to purchasers at a resale "shall contain a provision expressly cancelling and setting aside all delinquent taxes, penalties, interests and costs previously assessed or existing against said real estate, including ad valorem and outstanding individual and county tax sale certificates, and such deed shall vest in the purchaser and grantee of said real estate an absolute and perfect title in fee simple to said land * * *." In Meyer v. Corn, 191 Okl. 537, 131 P.2d 62, the real estate was struck off to the county at an original tax sale. The taxes for subsequent years became delinquent but the property was not again sold at original sale. The notice of the resale indicated that the treasurer intended to sell it for all delinquent taxes, including those which became delinquent subsequent to the original sale; it was sold for all of such taxes; and the county was the purchaser. It was held that the resale wiped out all delinquent taxes whether endorsed on the sale certificate or not.

Sections 12753, 12754, 12755, and 12756, supra, were repealed by section 17, article 31, chapter 66, Laws of 1939. But sections 1, 3, 5, and 7 of that act, 68 O.S.A.1941 §§

432, 432b, 432d, 432f, contain provisions substantially identical with the earlier statutes. In Shnier v. Vahlberg, 188 Okl. 471, 110 P.2d 593, the property was sold at the delinquent sale in 1936 for the taxes due in 1935. It was not sold at the delinquent sales in 1937 and 1938. The resale took place in 1939 under the new act. At the time of the resale, the taxes for 1936 and 1937, and part of those for 1938, were delinquent. The record was silent as to whether the notice of the resale contained any reference to the delinquent taxes for 1936, 1937, and 1938. The court held that under the statutes the resale was for all ad valorem taxes, together with interest, penalties and costs, which were delinquent as of the time of the first publication of the notice of the resale, and that the lien for the taxes for 1936 and 1937, and part of those for 1938, were extinguished.

Referring to the deed issued to a purchaser at a resale, section 7 of the Act of 1939, 68 O.S.A.1941 § 432f, supra, provides that it "shall effect the cancellation and setting aside of all delinquent taxes, assessments, penalties and costs previously assessed or existing against said real estate, * * * and shall vest in the grantee an absolute and perfect title in fee simple to said lands * * *." It will be noted that section 12756, O.S.1931, supra, does not specifically mention "assessments" as being cancelled. But the Supreme Court of Oklahoma has held that the term "delinquent taxes" contained in that section includes delinquent assessments certified to the county treasurer, and that therefore the two statutes are substantially the same. Board of County Com'rs v. City of Wewoka, supra.

Here, all unpaid installments of the assessment were delinquent at the time of the resale. The resale was for delinquent ad valorem taxes and the delinquent installments, and it was conducted in the manner provided by law. The effect of the resale was to extinguish the lien for all of the unpaid installments of the special assessment. Shnier v. Vahlberg, supra; Meyer v. Corn, supra. The lien was merged into the title acquired by the county; but when the county sells the property, the bondholders will have the right to share ratably with the county in the proceeds of the sale. Board of County Com'rs v. City of Wewoka, supra.

It was the view of the trial court that the attempted resale for the subsequent installments of the assessment which were never offered for public sale but were merely endorsed on the sale record violated due process. A special assessment for street improvements and paving bonds issued pursuant to it constitute a contract, and the statutes in force and effect at the time of the levying of the assessment and the issuance of the bonds which authorize them and prescribe the manner in which they shall be enforced become part of the contract. Meyer v. City of Eufaula, Okl., 10 Cir., 132 F.2d 648. As previously said, this assessment was levied and the bonds issued under the provisions of chapter 173, Laws of 1923; and section 23 of the act, 11 O.S. A.1941 § 106, provides that delinquencies in the assessment shall be collected as other delinquent taxes are collected. That was the contract on which the bondholders have the right to insist. Seibert v. Lewis, 122 U.S. 284, 7 S.Ct. 1190, 30 L.Ed. 1161; Meyer v. City of Eufaula, Okl., supra. In respect to the enforcement of delinquencies, it was that they should be enforced in the same manner as delinquent taxes were enforced. And it has been the settled law in Oklahoma since long prior to the levying of the assessment and the issuance of the bonds that where the county is the purchaser of real estate at an original tax sale, the county treasurer is authorized to endorse subsequent delinquent ad valorem taxes on the certificate of sale and then include all such delinquent taxes in the resale. State v. Moore, 78 Okl. 164, 189 P. 511; Hartsog v. Tucker, 108 Okl. 143, 234 P. 726; Stith v. Simmons, 181 Okl. 538, 75 P. 2d 419; Meyer v. Corn, supra. That was done in this instance as to the delinquencies in the assessment. There was no departure from the existing law or the contract of the parties, occasioned either by subsequent legislation, or administrative action or inaction. And when the county sells the property, the county and the bondholders will share ratably in the proceeds. We fail to find any basis for the conclusion that the resale for the delinquencies which had been endorsed on the tax sale records violated the exactions of due process.

As to the lots and tracts described in the answer of the county, the judgment is reversed and the cause remanded with direction to dismiss the action.