PATTERSON v. HUGHES.

No. 31092. Nov. 14, 1944.

*153 P. 2d 111.*

F. C. Swindell, of Tulsa, for plaintiff in error.

Kirk, Phipps, Campbell & Latting, of Tulsa, for defendant in error.

WELCH, J. Plaintiff below sued to quiet title to land based upon a resale tax deed.

Defendant in her appeal contends that the resale deed is void because the notice of tax sale and notice of resale failed to include certain taxes, interest, and penalties.

The facts are: A tax sale was had in 1938 for the 1936 taxes, interest and penalties; in May, 1941, resale was had as to this land, which was a vacant lot in the city of Tulsa, and same was sold to a private bidder, plaintiff's grantor.

An effort to pay taxes for the years 1930 to 1935, inclusive, had been made by an attempted adjustment, but certain parts thereof and interest and penalties for such years had not been paid, the parties at the time of such part payment having mistakenly believed that same could be paid and satisfied by the attempted adjustment without payment of all with interest and penalty.

None of the notices with which we are here concerned included such unpaid amounts with penalty and interest for the years 1930 to 1935.

Defendant points out that title 68 O. S. 1941 § 382 provides that the notice of sale" . . . shall contain a list of the lands to be sold and the amount of taxes due. . . . "

And that title 68 O. S. 1941 § 432b provides that the notice of resale shall contain a statement showing " . . . the year or years for which taxes have been assessed and remain unpaid, . . . " and " . . . the total amount of all delinquent taxes, cost, penalties and interest accrued, due and unpaid on the same. . . . "

She urges that all the sales are void " . . . for the reason that the notices of all sales did not publish the correct amount of taxes due, . . . " stating that she finds no Oklahoma decision on the exact point, and offering a number of decisions from other states in support of her position.

Since the filing of the briefs herein the case of Bramble v. Caywood, 193 Okla. 668, 146 P. 2d 587, has been promulgated. Paragraph 4 of the syllabus thereof is as follows:

"Failure of the county treasurer to include a part of one year's delinquent taxes, penalties, interest and costs levied and assessed against land, in the notice of resale of property under the resale tax laws, is an irregularity and is not a failure in whole to advertise the land for sale for delinquent taxes, penalties, interest and costs."

Therein it is pointed out that by virtue of the several provisions of the statutes noted, the statutory provisions with reference to contents of the notice as concerns the total amount of taxes, costs, interest and penalties due, are directory insofar as those provisions which form the basis of an attack upon the sale and deed are concerned, where a substantial compliance with statute is shown.

We consider the Bramble Case, supra, controlling herein.

Judgment affirmed.

CORN, C.J., and RILEY, BAYLESS. HURST, and DAVISON, JJ., concur. GIBSON, V.C.J., and OSBORN and ARNOLD, JJ., dissent.