BALDWIN et al. v. GILLASPIE et al.

No. 31406. Jan. 8, 1946.

Rehearing Withdrawn May 28, 1946.

*169 P. 2d 204.*

Sam L. Wilhite, of Anadarko, for plaintiffs in error.

Melton, McElroy & Vaughn, of Chickasha, for defendants in error.

GIBSON, C. J. The decisive question here is whether owners, upon proper tender of taxes, are entitled to relief against a resale tax deed for the sole reason that the property was advertised and sold for an amount asserted to be slightly less than a correct total of the taxes, interest, penalties, and costs for which sale was had.

The land was originally sold to the county in 1936 for 1935 ad valorem taxes and thereafter in 1941 resold for taxes for years 1935 to 1940, inclusive. The total amount of taxes, etc., for which advertised and sold was $411.93. It is contended by defendants in error that an error was made in computing the amount of penalties and costs, but the amount of such error is not disclosed by the record. And there is no express finding thereon by the court. In the brief of defendants in error the taxes, penalties, and costs are calculated to be $418.85, or $6.92 more than the amount for which the land was advertised and sold. We will assume that the small discrepancy existed and that it was due to an unintentional miscalculation of the penalties and costs.

The trial court held the resale deed void and rendered judgment for plaintiffs. The court also denied the cross-petition of defendants to quiet title.

For reversal plaintiffs in error, defendants below, urge application of the curative provisions of 68 O. S. 1941 § 432h, and to sustain the judgment the defendants in error, plaintiffs below, rely on Chiles v. Packnett, 191 Okla. 291, 129 P. 2d 595, and others—all decided without reference to said curative statute.

This case differs from our former decisions wherein we have applied 68 O. S. 1941 § 432h to cure defects in resale notices caused by the omission from said notices of taxes legally assessed and delinquent at the time of the resale. It also differs from Young v. Boswell, 191 Okla. 680, 134 P. 2d 592. In that case it was the inclusion of an illegal tax in the amount for which the land was advertised to be sold that vitiated the resale.

And this case differs from Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016. In that case the evidence disclosed that "a sum equal to the amount of taxes against the land for the year 1934 ($4.90) was erroneously included in the computation . . .," and we held the resale proceedings to be invalid because the amount of the 1934 taxes, plus penalties, etc., was duplicated or included twice in the amount of taxes, penalties, etc., for which the land was advertised and sold. Here we are concerned with a small deficiency in the amount of penalties and costs, which, if it exists in fact, is due to a slight clerical error in computation of such penalties and costs. The error, if it exists, was but an irregularity and cured by the provisions of the statute above cited. Such trivial, unintentional errors in computation would not affect a resale otherwise valid in any event.

In Ireland v. George, 41 Kan. 751, 21 P. 776, the rule was well stated as follows:

" . . . where it is shown that the sale has been made for a trifle more or less, and yet where there is no intention of selling for a greater or less sum than that provided for by the law, such discrepancy will not vitiate the tax-sale proceedings."

See, also, Glenn v. Stewart, 78 Kan. 605, 97 P. 863.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

RILEY, OSBORN, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.