SIMS et ux. v. BENNETT.

No. 34937.    April 14, 1953.

*255 P. 2d 916.*

Frank Wilton, Jones, Oklahoma City, for plaintiffs in error.

B. H. Mears, Jones, for defendant in error.

PER CURIAM. This action was instituted in the trial court by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, to recover damages to grassland and fence caused by fire. The parties will hereafter be referred to as they appeared in the trial court. The petition of plaintiff, filed March 31, 1950, alleged damages to his property in the amount of $491 as a result of fire communicated to his premises through the negligence of the defendants, and on same date summons issued which was thereafter returned by the sheriff in due time showing personal service on each of the defendants The answer date on such summons was April 30, 1950, and the record does not disclose any appearance by defendants prior to judgment.

On May 3, 1950, the cause came on for trial at which time it appears the plaintiff was represented by counsel and that the defendants were not present, either in person or by attorney, whereupon the matter was heard by the court and default judgment was entered in favor of plaintiff and against the defendants in the sum of $466.

Thereafter, and on May 6, 1950, defendants filed their motion to vacate judgment wherein the defendants alleged, among other things, that a motion to quash service of summons had been filed in said cause on April 28, 1950, prior to the answer date in such summons, but that for some reason such motion was not filed by the clerk of the court nor shown on the docket of said cause; that due to illness of a serious nature in the immediate family of counsel for defendants, said counsel was prevented from and unable to follow up the filing of said motion to quash summons in said cause. The remaining allegations contained in defendants' motion to vacate judgment were in the nature of a general denial of the negligence of the defendants and the damage of plaintiff. On May 29, 1950, defendants' motion to vacate judgment was heard and denied by the court, and the defendants have appealed by transcript from the order of the trial court overruling such motion.

On appeal the defendants assign five specifications of error contending that the trial court erred in overruling the motion to vacate judgment in general specifications, and specifically for the reasons presented and discussed under the following propositions:

1. It is error to render judgment by default upon a petition claiming damages, without hearing evidence upon which to assess the damages.

2. It is error to deny defendants' motion to vacate default judgment and not permit defendants to defend where plaintiff recovers judgment based on damages without proof of damages.

The propositions thus presented to this court resolve themselves into the question as to whether the motion to vacate judgment should have been upheld by the trial court for the reason that no proof of damages was made by plaintiff on the trial of the case. The argument presented by defendants under the propositions urged is that due to the silence of the court records as to the proof offered there was nothing upon which the trial court could assess the damages for the fire injury, and defendants cite numerous cases from this jurisdiction in support of their contention that it was, therefore, error for the trial court to enter judgment by default assessing the amount of damages, and that defendants' motion to vacate should have been upheld.

(1) The contentions by defendants that the trial court rendered default

judgment without hearing evidence upon which to assess the damages present and inject a new issue into the case on appeal from the issues presented by defendants and considered and determined by the trial court at the hearing on the motion to vacate the default judgment. The record discloses that the issues presented by such motion were whether defendants had filed a motion to quash summons in the cause prior to such judgment, which motion for some reason was not filed by the clerk of the court nor shown on the docket in said cause, and whether defendant was thereafter prevented from taking some proper action in the cause prior to judgment by reason of illness. The record does not disclose any allegation by defendants that damages were assessed by the court without competent evidence upon which the court might assess such damages. It has long been the rule followed by this court that parties will not be permitted to argue in this court for the first time questions not raised in the trial court. Gibbins v. Wade, 202 Okla. 138, 210 P. 2d 955; Dryden v. Burkhart, 198 Okla. 239, 177 P. 2d 121; Butterick Co. v. Molen, 192 Okla. 602, 138 P. 2d 89.

(2) The specifications of error urged by defendants contain charges of a general nature that the trial court erred in overruling defendants' motion to vacate judgment. The record discloses that both plaintiff and defendants were represented by counsel at the hearing upon such motion before the trial court, and defendants acknowledge in their argument the general rule that the vacation of default judgment during term is discretionary with the trial court. This court has said before that if any presumptions are to be indulged, they will be in favor of the validity of judgments of courts of general jurisdiction, and that when any such court has rendered judgment in relation to any subject matter within its jurisdiction, the presumption arises that the court had before it sufficient evidence to authorize the award of such judgment.

Town of Watonga v. Crane Co., 189 Okla. 184, 114 P. 2d 941.

The order of the trial court overruling the motion to vacate judgment is affirmed.

This court acknowledges the services of Attorneys Keith Drum, Orlando Sweet and M. A. Holcomb, who, as Special Masters, aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, C.J., and CORN, DAVISON, O'NEAL, and BLACKBIRD, JJ., concur. JOHNSON, V.C.J., and WELCH and WILLIAMS, JJ., dissent.