**JOHNSON et al. v. CONLEY.**

No. 34973.

Supreme Court of Oklahoma.

July 14, 1953.

Williams, Williams & Williams, Ardmore, for plaintiffs in error.

Ivy, Ivy & Ivy, Waurika, for defendant in error.

PER CURIAM.

Plaintiffs on August 15, 1949, sued to cancel a resale tax deed issued to defendant B. A. Conley on May 16, 1939, on the Southwest Quarter of the Northwest Quarter of the Southeast Quarter of Section 11, Township 4 South, Range 4 West, Jefferson County, and to quiet title, alleging that the deed was void for two reasons: (1) The sale advertising the property unlawfully included $2 in penalties for failure to list the property for assessment in the years 1935 and 1937; and (2) it included $.02 excess tax and $.11 excess interest charges. Taxes were delinquent for the years 1935 to the date of the sale, which was on April 17, 1939. It is admitted that B. A. Conley went into possession shortly after the resale to him and has remained in possession up to the present time.

Defendant filed his answer denying that plaintiffs had any right, title or interest in the land, and his cross petition asking that title be quieted in him against plaintiffs.

At the trial the deraignment of plaintiff's title, the items making up the delinquent taxes for the years 1935 to 1939, the sale of the land to the county in 1936, resale by the county in 1939, defendant's purchase at resale, and county treasurer's resale deed to defendant, defendant's possession of the land since purchase at resale, and defendant's payment of all taxes on the land since purchase were stipulated to by the parties. Plaintiffs tendered all taxes not paid by them. This was all the evidence.

At the close of the evidence defendant demurred to plaintiffs' evidence on the grounds that same was not sufficient to make out a case for plaintiffs; that plaintiffs had failed to show that the resale deed was void by reason of jurisdictional defects; that plaintiff was barred by the statute of limitations. The court sustained defendant's demurrer to the evidence, found that the resale deed was regular and

valid, and quieted title in defendant against all plaintiffs. Motion for new trial was overruled, provoking this appeal.

Plaintiffs contend that the resale deed to defendant is invalid because the tax resale included two annual assessments of $1 penalty assessed under an unconstitutional statute and that it also included items of excess tax and interest.

The items of $1 penalty assessed for each of the years 1935 and 1937 which were included in the items making up the tax resale were assessed under authority of Section 3, House Bill 316, Chapter 115 Session Laws 1933, page 242. This section purportedly amends Section 12582, O.S. 1931, House Bill No. 326, Ch. 179, Sessions Laws 1925, page 282.

The original act was passed in 1925 (later becoming Section 12582, O.S.1931) and bore the following title:

"An Act relating to the penalty of One Dollar for failure to list property for taxation in Oklahoma county."

House Bill 316, Chapter 115 Session Laws 1933, page 242, Section 3 of which act is here in question, bore the following title:

"An Act amending Sections 6842, 12372, 12581, 12582, 12593, 12613, 12615, 12640, 12646, 12660, 12661 and 12674, Oklahoma Statutes, 1931, relating to the Listing, Assessing and Equalizing of Property for Ad Valorem Taxation; defining the Duties, Powers and Authority of certain Officials in relation thereto and also in relation to Levies and Appropriations; providing Administrative Appeals; making the Performance of such Duties mandatory; fixing Penalty for Neglect or Delay; repealing Sections 12594, 12612, 12641, 12642, 12643, 12647, 12651, 12652, 12655, Oklahoma Statutes, 1931, House Bill No. 306 of the Fourteenth Legislature and all conflicting Laws and declaring an emergency."

Section 3 of said House Bill 316, which is here under attack, is as follows:

"That Section 12582, Oklahoma Statutes, 1931, be and the same is hereby amended to read as follows:

" 'Section 12582. The county assessor of each and every county in the State shall, on the first day of January of each year, or as soon thereafter as may be practicable, proceed to take a list of all taxable property in the county and shall assess the value thereof as of January first of each year, in the following manner, to-wit: By posting notices in three or more conspicuous places in each city or voting precinct, at least ten days prior to the date the assessor will meet the taxpayers to list their property, and said assessor shall remain at each city or voting precinct one-half day for each sixty voters or major fraction thereof, in said city or voting precinct. If any taxpayer shall fail to meet the assessor and list his property on the date advertised in his city or voting precinct, he may meet him in another city or voting precinct and list the same. If any taxpayer shall fail to meet the assessor and list his property on the date advertised, he may render a written list of all his personal property, including a legal description of his real estate, if any, and shall subscribe and swear to the oath required by each taxpayer as to its correctness; provided, that such written list shall not constitute a valid return or rendition unless it is made on forms and in the manner prescribed by the officer or agency whose duty. it is to prescribe forms for the listing and assessment of property. After the county assessor shall have visited each city or voting precinct, in compliance with the foregoing provision of this Act, he shall be in his office at the county seat from February 15th to March 1st inclusive, for the purpose of assessing those who have not listed their property for the current year, and all those who fail to list their property for the current year, on or before March 1st, shall be delinquent, and a penalty of One Dollar ($1.00) for such failure shall be added to his tax, and entered on the tax rolls and collected by the county treasurer; and it shall be paid into the county general fund of. the county for the operation of county government; and if the county assessor fails, neglects or refuses to add the penalty of One Dollar ($1.00) as hereinbefore provided, he shall be liable on his official bond for the amount of said penalty.' "

On the point here in question this amendatory act extends the penalty for failure to list property for taxation by a stated time to every county in the state; otherwise its provisions are essentially the same as in the original act.

Plaintiffs contend that the subject matter of the original act was penalties in Oklahoma County and that only a penalty in Oklahoma County could be fixed in that act. We agree. They further contend that an act which purports to amend that original section can not, even though its title is sufficient, go beyond the subject matter of the original act; that House Bill 316, quoted supra, purports to amend the original act and fixes a penalty in every county in the state, which takes it beyond the subject matter of the original act and thereby violates Section 57, Article 5 of the Oklahoma Constitution.

 The subject matter of House Bill 316, supra, the so-called amending act, on the point is penalties. The fixing of a penalty for failure to list property by a stated time in every county in the state is not beyond the realm of its title. It enacts entirely new legislation, providing for listing, assessing, and equalizing of property for ad valorem taxation in every county in the state and providing a penalty for failure to list property for taxation by a stated time. It does not violate but specifically comes within the provision of Article 5, Section 57, of the Constitution, which is as follows:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only;

but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length: *Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."*

See National Mutual Casualty Co. **v.** Briscoe, 188 Okl. 440, 109 P.2d 1088.

■ Plaintiff says that other penalties are provided by law, such as penalty against a person who refuses to list property which he holds for another in the capacity of agent, guardian, trustee, or other fiduciary capacity; for failure to list property used in the operation of oil and gas wells, etc., which sections are not mentioned in the title of House Bill 316. The contention that the penalty provided by Section 3 of House Bill 316, supra, in all counties of the state for failure to list property by a stated time is unconstitutional because, as plaintiff says, of implied amendment of such sections not mentioned is wholly unsound because Section 3 of House Bill 316 does not purport to amend any section except Section 12582 of the original act.

■ Plaintiffs assert that personal property must be listed for taxation every year but real property must be listed for taxation purposes on odd-numbered years only; that as this new act provides that property must be listed for taxation every year, a strict construction of the act, which they say should be applied, makes it apply to personal property only and the statute is therefore ambiguous. The statute is not ambiguous. It plainly applies to listing of all taxable property for each year. The fact that real property need not be listed on even-numbered years does not mean that this statute does not apply on odd-numbered years when it is required to be listed. The act is constitutional and the $2 assessment was therefore proper.

■ Plaintiffs also urge that the sale was void because the land was sold for an amount in excess of the amount of taxes, penalties, interest and costs, in that the computation of the 1937 tax shows a $.02 overcharge on the tax and a miscalculated interest charge of $.13. An error in computation is not necessarily sufficient to invalidate the sale. In Baldwin v. Gillaspie, 197 Okl. 175, 169 P.2d 204, 205, a case in which there was a slight deficiency in the tax, we said, quoting with approval from Ireland v. George, 41 Kan. 751, 21 P. 776:

"* * * where it is shown that the sale has been made for a trifle more or less, and yet where there is no intention of selling for a greater or less sum than that provided for by law, such discrepancy will not vitiate the tax-sale proceedings."

Here there is a slight excess of the legal taxes owed. We have never applied the de minimus rule in a factual situation like this, to wit: a slight excess, nor have we said it did not apply, but we announced supra the applicability of the principle.

Affirmed.

This court acknowledges the services of Attorneys Jack L. Langford, Remington Rogers and Felix Bodovitz, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.