W. E. GARDNER, Plaintiff In Error,

v.

Jimmy K. JONES, Marshall Cox, County Treasurer; and Board of County Commissioners of Delaware County, Oklahoma, Defendants In Error.

No. 36893.

Supreme Court of Oklahoma.

Jan. 17, 1956.

Rehearing Denied April 16, 1957.

L. Keith Smith, and Joe T. Dewberry, Jay, Joe N. Shidler, Tulsa, for plaintiff in error.

John W. McCune, Robert N. Wilde, and Don Hampton, Tulsa, for defendants in error.

BLACKBIRD, Justice.

This appeal arose out of an action commenced in the trial court by the defendant in error, Jimmy K. Jones, as plaintiff, to quiet his title to a lot or parcel of land. Jones' title is evidenced by a County Treasurer's Re-Sale Tax Deed, executed and delivered to him following his purchase of the property at re-sale on May 11, 1953. Plaintiff in error, W. E. Gardner, who, by stipulation of parties, was the owner of the property at the time of the re-sale, was the principal defendant in the trial court, and, by reason of the action's dismissal as to the other parties originally named as defendants, is Jones' only adversary appearing here. The case will therefore be considered as if these two were the only parties ever involved, and they will hereinafter be referred to by their trial court designations.

At the close of the trial, the trial court entered a general judgment in favor of the plaintiff and specifically denied any relief to defendant, who, in his answer and cross petition, had asserted that the re-sale deed was invalid, and had prayed for its cancellation and quieting of his title. Upon the overruling of his motion for new trial, defendant perfected the present appeal.

■ Defendant bases his argument for reversal on the alleged invalidity of the re-sale proceedings, and most of it relates to the general contention, or position, that the property was advertised and/or sold for an excessive amount. One of his arguments that can be classified under this general heading pertains to the fact that the 1953 re-sale, and the county's title to the property purportedly thereby sold to plaintiff, is based upon an original tax sale held in 1950 for the 1949 taxes, but the notice of said re-sale included the *1948 taxes, for which the land had never been sold at any original tax sale.* Defendant concedes that taxes accruing during any year *after* a delinquent tax sale, may be included in a re-sale, even though there had never been any original sale for said taxes; but his counsel say that if we uphold the inclusion, in a subsequent re-sale, of taxes for a year previous to any original tax sale of the land, that had never been included in any such original sale, we would, in effect, be holding that a county treasurer could, upon finding that delinquent taxes for a year, 10, 20, or even 30 years previously, still remained on the tax rolls, could include them in a current re-sale, even though they had accumulated a 100% penalty and no original sale—the statutory basis of a re-sale—had ever occurred. Defense counsel cite our decision in Patterson v. Hughes, 194 Okl. 502, 153 P.2d 111, as an answer to such argument. They also cite Bramble v. Caywood, 193 Okl. 668, 146 P.2d 587; but in neither of these cases were the analogous tax delinquencies included in the notice of the re-sale. Here, the delinquent 1948 taxes, with interest and penalty thereon, were included in the notice as a part of the total amount of delinquent taxes, penalty and interest, for which the land was being sold at the 1953 re-sale. This fact is cited in support of defense counsel's argument that the property was advertised for re-sale at a sum in excess of that for which it should have been advertised, and they say this distinguishes this case from the above-cited cases. They contend for application here of the rule that a tax sale of property for a substantial sum more than the amount of taxes, penalty, interest and costs due, renders the sale invalid and the proceedings based thereon void, citing Lind v. McKinley, 196 Okl. 4,

161 P.2d 1016, and other authorities. That rule, as shown by its own wording, is inapplicable here, for it is agreed that the 1948 taxes *were due and delinquent*. Nor do we think that the inclusion of the amount due therefor, with penalty and interest, rendered the re-sale invalid. In Patterson v. Hughes and Bramble v. Caywood, supra, there was some statutory basis for the argument that the notice was insufficient, upon consideration of the wording of Tit. 68 O.S. 1941 §§ 382 and 432b, requiring tax sale and re-sale notices to show the amount of taxes due and delinquent; but here no such argument is, or can be, made. We think the considerations which induced this Court in those cases to refrain from requiring strict compliance with notice statutes, in favor of upholding the validity of re-sale deeds, should apply with equal, if not greater, force here, where there is no contention that the applicable notice statute was not strictly complied with. Nor can the re-sale here be said to be without the necessary statutory predicate of a valid original sale, as was the case in Gassaway v. Skiveers, 182 Okl. 9, 75 P.2d 1149, cited by defendants, and Ewart v. Boettcher, 174 Okl. 460, 50 P.2d 676. In this connection see also Bradford v. Schmucker, 10 Cir., 135 F.2d 991, and the cases cited therein. Since there was a valid original sale, in 1950, for the 1949 taxes, and a re-sale of the property, in 1953, for these taxes (and those for other years), the re-sale was based upon at least one valid original sale. Consistent with previous decisions such as hereinbefore referred to, we must hold that the inclusion of the amount of the 1948 taxes in the notice of the 1953 re-sale here involved, was not a sufficient basis for cancellation of plaintiff's re-sale deed in the present action. Accordingly, the trial court cannot be said to have erred in refusing, by its judgment, to grant defendant such relief on account of such alleged irregularity.

▮ Defense counsel's argument under Paragraph "A" of their "Proposition One," that the amount for which the property was advertised and resold was in excess of the total sum of taxes, penalty, interest and costs legally due refers only to the penalties, which were shown by the County Treasurer's Report of the re-sale to have been charged on the delinquent taxes for each of the years 1948 and 1952, both inclusive. By the computations set forth in their brief, they attempt to show that the respective penalties charged on each of these years' taxes was in each instance either 39 or 40 cents too much, with the sum of these penalties for the five years being excessive to the extent of $2.01. Counsel for plaintiff say this is the first time defendant has sought to raise this question, and that, under the rule that parties will not be permitted to argue in this Court for the first time, questions not raised in the trial court, we should not consider such argument. In this connection see Sims v. Bennett, 208 Okl. 321, 255 P.2d 916, with the cases cited therein, and Meyer v. Corn, 191 Okl. 537, 131 P.2d 62. In his reply brief, defendant denies that the cited rule is applicable, because, according to his argument, whether or not the penalties charged were excessive should be deemed a part of the issues joined plaintiff's petition and the denials contained in his answer, and, as having been included in the allegations of error contained in his motion for a new trial. The record fails to reveal that the question now dealt with was ever *specifically* raised at the trial. It does reveal that in connection with the introduction, as "defendant's Exhibit 3", of a copy of the applicable portion of the published re-sale notice, a take-off or transcript of page 19 of the County Treasurer's Report Of The Re-Sale was also introduced. On said take-off appears the list of penalties, each of which is asserted to be excessive in the amount of 39 or 40 cents for each of the five years. We observe that in connection with the introduction of this evidence, counsel for the parties stipulated that it "states the total amount due, also states the amount of taxes, interest and penalties for each one of those years." If, by entering into a stipulation so worded, counsel for defendant agreed that "defendant's Exhibit 3" showed the total amount of such charges *legally* due and that the take-off showed the *correct* amount of such charges for each of the

years specified thereon, then they might be regarded as having waived any objection they now claim to have asserted by the rather general allegations of their pleadings. Plaintiff's counsel also argue that if this Court should consider this alleged error, that, under the rule first announced in Baldwin v. Gillaspie, 197 Okl. 175, 169 P.2d 204, 205, it constitutes insufficient ground for reversing the trial court's judgment. The rule, as quoted in that case from Ireland v. George, 41 Kan. 751, 21 P. 776, 778, is as follows:

> " ' * * * where it is shown that the sale has been made for a trifle more or less, and yet where there is no intention of selling for a greater or less sum than that provided for by law, such discrepancy will not vitiate the tax-sale proceedings.' "

Equally applicable to this case, as to the Baldwin case, supra, is the following excerpt from the opinion therein:

> "Here we are concerned with a small deficiency in the amount of penalties and costs, which, if it exists in fact, is due to a slight clerical error in computation of such penalties and costs. The error, if it exists, was but an irregularity and cured by the provisions of the statute * * * [Tit. 68 O.S.1941 § 432h]. Such trivial, unintentional errors in computation would not affect a re-sale otherwise valid in any event."

Since the controversy involved in the Baldwin case arose, Tit. 68 O.S.1941 § 432h, has been repealed, and has been superseded by Tit. 68 O.S.1951 §§ 452 and 453; but our study of this subsequent law has revealed no change in it from the old law sufficient to render the Baldwin case inapplicable as sound precedent here. Nor does our recent opinion in Trappe v. Freeborn, Okl., 288 P.2d 1105, cited by defendant, indicate this Court's abandonment of said precedent. On principle that case is distinguishable from the present case upon the same considerations pointed out in Johnson v. Conley, Okl., 259 P.2d 1021, 1024, and Schultz v. Evans, 204 Okl. 209, 228 P.2d 626, 628, 629.

Under the facts and circumstances shown by the record before us, we conclude that defendant's present argument as to the alleged excessive penalties included in the price for which the real estate here involved was advertised and sold presents no sufficient ground for reversing the trial court's judgment.

■ Counsel for defendant also assert that the difference between the $401.50 that plaintiff is shown by his re-sale deed to have paid for the property, and the $400 that the County Treasurer is shown by his Report to have received for it, is another excessive penalty that was illegally added to the valid charges against the property. Apparently counsel have noticed that $1.50 is approximately 1% of the delinquent taxes and regular penalties and interest for the five years in the total amount of $156.88, and they therefore assert that this was added to plaintiff's $400 bid for the land as an extra added illegal penalty. Plaintiff's counsel say this $1.50 is the publication costs which the County Treasurer is required, by Tit. 68 O.S.1951 § 432c and 432d to collect, and the County Treasurer's report of the re-sale tends to support this statement. Whatever may be the true explanation for the difference between the two sums, we think defense counsel's argument is without merit. The bid accepted for property at a re-sale is not limited to the amount of taxes, penalties, interest and cost due thereon. Tit. 68 O.S.1951 § 432d, specifically authorizes such property to be sold for more than such total, and sec. 432e of said title provides for the "excess proceeds to be held for the owner thereof, * * *".

■ Paragraph "C" of Proposition One and Paragraph "A" of Proposition "Two" in the brief filed on behalf of defendant deal with the alleged insufficiency of the description of the land contained in the notice of the 1950 sale and of the 1953 re-sale. The land involved here is an irregular tract correctly described by metes and bounds. In following defense counsel's argument, we note that the abbreviated description in the 1950 sale notice wholly

omits the words "thence South", or any abbreviation thereof, in its description of the land; and counsel also call our attention to the fact that this notice, and the one for the 1953 re-sale contains no reference whatsoever to a 10-foot easement along the north line of the tract that is excepted from the grant in the defendant's deed. Plaintiff's counsel contend that neither of these omissions was an essential part of either of the notices. Under the criterion announced in Chamberlain v. Davis, 191 Okl. 457, 130 P.2d 848, we agree.

■ In the last portion of defendant's brief, his counsel say that there was no legal proof of publication of the notice for either the 1950 sale or the 1953 re-sale. They concede that the County Treasurer's certificate attached to his hereinbefore mentioned Report of the re-sale indicates that the land was properly advertised for said re-sale, but they call our attention to the fact that in a similar certificate attached to such Report of the 1950 sale, the dates of the notice's publication are left blank. By Tit. 68 O.S.1951 § 452, successor to sec. 12760, O.S.1931, a tax deed is made presumptive evidence of the things therein specified, which includes the advertisement of the sale. Tit. 68 O.S.1951 § 432f, successor to sec. 12756, O.S.1931, provides that the County Treasurer shall file in the office of the County Clerk a return of the sale, and, among other things, "a copy of the notice of such resale * * *". It further states "such notice and return shall be presumptive evidence of the regularity, legality, and validity, of all the official acts leading up to and constituting such resale." By Tit. 68 O.S.1951 § 388, successor to sec. 12747, O.S.1931, a tax sale certificate is made presumptive evidence of the regularity of all prior proceedings. These presumptions are aided by those accompanying the re-sale deed, which, in this case, is regular on its face. Under this Court's decision in Rucker v. Burke, 170 Okl. 243, 39 P.2d 6, and Gilbert v. Cochran, 183 Okl. 100, 80 P.2d 230, the proof herein was wholly insufficient to overcome these presumptions and to indicate that either the sale or re-sale was improperly advertised. Consequently, defense counsel's argument on this phase of the appeal is insufficient to establish error in the trial court's judgment.

As we have determined that none of the arguments advanced for reversal are sufficient for that purpose, said judgment is affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, JACKSON and HUNT, JJ., concur.

WELCH, Chief Justice.

Supplemental Opinion on Rehearing

In petition for rehearing it is pointed out that this decision is contrary to our former decision in the case of Lawrence v. Ayres, 206 Okl. 218, 242 P.2d 142, which opinion cited and followed our former opinion in the case of Lind v. McKinley, 196 Okl. 4, 161 P.2d 1016. In connection with this decision we have carefully examined both the former decisions above cited. We are convinced that the determination set out in this opinion is contrary to both our two former decisions above cited. However, we are convinced that the opinion in this case is correct and should stand. Therefore we hereby expressly overrule our former decisions in Lind v. McKinley and Lawrence v. Ayres, supra, insofar as they, or either of them, are contrary to the decision and opinion in this case.

CORN, V. C. J., and HALLEY, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.

DAVISON and JOHNSON, JJ., dissent.